**NARRAGANSETT FOOD SERVICES, INC.**

v.

**RHODE ISLAND DEPARTMENT OF LABOR.**

No. 78–65–Appeal.

Supreme Court of Rhode Island.

Sept. 11, 1980.

Tillinghast, Collins & Graham, Alfred B. Stapleton, Mark A. Pfeiffer, Chester S. Labedz, Jr., Hinckley, Allen, Salisbury & Parsons, William R. Powers, III, Providence,

for amicus curiae, Rhode Island Chamber of Commerce Federation.

Dennis J. Roberts II, Atty. Gen., Harold E. Krause, Sp. Asst. Atty. Gen., for respondent.

## OPINION

MURRAY, Justice.

Narragansett Food Services, Inc. (Narragansett) petitioned this court to issue a writ of certiorari to review a Superior Court judgment affirming a declaratory ruling of the Rhode Island Department of Labor (department). We issued the writ to review Narragansett's contention that the Superior Court justice incorrectly construed the employee premium–compensation provisions of G.L.1956 (1976 Reenactment) § 5–23–2, as amended by P.L.1976, ch. 169, § 1[1] and G.L.1956 (1979 Reenactment) § 28–12–4.1.[2]

The pertinent facts are not in dispute. Narragansett is a Rhode Island corporation that owns ninety–four Cumberland Farms stores throughout the state. The stores are open every day of the week, including Sundays and holidays. Narragansett compensates its store employees on an hourly basis.

In February 1977, the department's Division of Labor Standards (division) notified Narragansett that from July 1, 1976 to November 6, 1976, it had undercompensated certain employees for overtime work performed on Sundays and holidays. The division explained that § 28–12–4.1 required employers to pay employees who worked more than forty hours per week at a rate equal to time and one–half of their hourly rate for work so performed, resulting in a premium of one–half of their hourly rate. Similarly, the division explained that § 5–23–2 mandated that employers pay employees who worked on Sundays and holidays at time and one–half of their hourly rate for work so performed, resulting in a premium of one–half of their hourly rate. The division determined from those premium–compensation provisions that, in addition to the hourly base rate, employers must pay two premiums–each equaling half the hourly rate for each overtime hour worked on a Sunday or holiday. In effect the division determined that Narragansett's employees were entitled to double their hourly rate for such work. During the period from July 1, 1976 to November 6, 1976, Narragansett had paid employees who had worked overtime on Sundays and holidays a single premium per hour. The division therefore directed Narragansett to pay those employees an additional premium for such work.

Unconvinced by the division's interpretation of §§ 28–12–4.1 and 5–23–2, Narragansett, pursuant to G.L.1956 (1977 Reenactment) § 42–35–8 petitioned the director of the department to issue a declaratory ruling construing those statutes. Narragansett urged the director to construe §§ 28–12–4.1 and 5–23–2 to require payment of only one premium when an employee's overtime hours coincide with Sunday or holiday hours. The director subsequently issued a declaratory ruling affirming the division's interpretation of §§ 28–12–4.1 and 5–23–2.

Narragansett appealed from the director's ruling to the Superior Court pursuant to § 42–35–15. After a hearing, the Superior Court justice concluded that the director had correctly construed the premium–compensation provisions of §§ 28–12–4.1 and 5–23–2 and therefore affirmed the director's administrative ruling. Narragansett then petitioned this court for review of the Superior Court disposition.

---

1. General Laws 1956 (1976 Reenactment) § 5–23-2, as amended by P.L.1976, ch. 169, § 1, provides in pertinent part:

   "All employees engaged in work during Sundays or holidays pursuant to the provisions of this section shall receive from their employers no less than time and a half for *the* work so performed and shall be guaranteed at least a minimum of four (4) hours employment; except for those employees referred to in § 28–12–4.3(d)(1) * * *."

2. General Laws 1956 (1979 Reenactment) § 28–12–4.1 provides:

   "Except as hereinafter otherwise provided, no employer shall employ any employee for a workweek longer than forty (40) hours unless such employee is compensated at a rate of one and one–half (1½) times the regular rate at which he or she is employed for all hours worked in excess of forty (40) hours per week."

The department contends that §§ 28–12–4.1 and 5–23–2 are statutes in *pari materia* because both relate to employee premium compensation. As such, it maintains that we must construe §§ 28–12–4.1 and 5–23–2 together to achieve harmonious interpretations consistent with their general scope and purpose. *See The Herald Press, Inc. v. Norberg*, R.I., 405 A.2d 1171 (1979); *Providence Teachers Union, Local 958, American Federation of Teachers, AFL–CIO v. School Committee of Providence*, 108 R.I. 444, 276 A.2d 762 (1971). According to the department, the Legislature intended to reward employees who sacrifice their free time to work on Sundays and holidays. In the department's view, Sunday and holiday employment is not rendered less onerous when it coincides with overtime employment. It reasons that the Legislature's general intent to reward employees for sacrifice of free time is therefore best served by construing § 5–23–2 to compel payment of premium compensation for Sunday and holiday employment in addition to premium compensation under § 28–12–4.1 if the same hours constitute overtime. The department concludes that construing §§ 28–12–4.1 and 5–23–2 to necessitate payment of a single premium whenever such employment constitutes overtime would nullify the requirement of § 5–23–2 that employers pay premium compensation for Sunday and holiday employment.

Narragansett concurs in the department's assertion that §§ 28–12–4.1 and 5–23–2 are statutes in *pari materia*. It contends, however, that the construction of those statutes announced by the department and adopted by the Superior Court "achieves a result far outside the 'general object and scope' of either law." It reasons from the language of § 5–23–2 that the Legislature intended to ensure only that covered employees would receive "no less than time and a half for" work performed on a Sunday or holiday. According to Narragansett, the general intent of §§ 28–12–4.1 and 5–23–2 to provide premium compensation for work performed under certain circumstances does not reasonably imply a specific legislative intent to mandate double payment of premium compensation to persons working under circumstances covered by both statutes.

■ Contrary to the assertions of both Narragansett and the department, we find that § 28–12–4.1 and § 5–23–2 are not statutes in *pari materia*. We have stated that statutes are in *pari materia* if they relate to the same subject matter and are not inconsistent with one another. *Berthiaume v. School Committee of Woonsocket*, R.I., 397 A.2d 889, 893 (1979); *Providence Teacher's Union, Local 958, American Federation of Teachers, AFL–CIO v. School Committee of Providence*, 108 R.I. at 449, 276 A.2d at 765. Although both statutes contain employee premium–compensation provisions, they do not relate to the same subject matter.

The Legislature enacted § 28–12–4.1 by P.L.1974, ch. 152, § 4, as part of the chapter entitled "Minimum Wages." It provides that

"Except as hereinafter otherwise provided, no employer shall employ any employee for a workweek longer than forty (40) hours unless such employee is compensated at a rate of one and one–half (1½) times the regular rate at which he or she is employed for all hours worked in excess of forty (40) hours per week."

Thus, in § 28–12–4.1 the Legislature intended only to establish a minimum wage for overtime employment equal to time and one–half on employee's hourly rate.

■ Section 5–23–2, however, is a lengthy statute entitled "Licenses for Sunday and holiday businesses" setting forth various requirements for licensing and operation of retail establishments on Sundays and holidays. It authorizes town councils to license retail establishments within the town to conduct business on Sundays and holidays, provides the maximum fee the town may charge for such licenses, and limits the size of retail establishments eligible for Sunday and holiday licenses. In 1976, the Legislature amended § 5–23–2 by P.L.1976, ch. 169, § 1 to include a premium–compensation provision providing that "[a]ll employees engaged in work during Sundays

or holidays pursuant to the provisions of this section shall receive from their employers no less than time and a half for the work so performed and shall be guaranteed at least a minimum of four (4) hours employment * * *." The primary legislative concern of § 5–23–2 is to regulate the operation of retail establishments on Sundays and holidays. The premium pay requirement is incidental to such regulation as it is intended to serve both as an additional deterrent to conducting business on Sundays and holidays and as a reward for employees who sacrifice their free time for such employment. Thus, § 5–23–2 does not relate to the subject matter of § 28–12–4.1 within the meaning of the *pari materia* rule. We therefore shall not attempt to discern a common scope and purpose in their respective enactments. *See The Herald Press, Inc. v. Norberg, supra.*

In interpreting §§ 28–12–4.1 and 5–23–2 as independent statutes, we must give effect to legislative intent manifested in each provision. *See Vaudreuil v. Nelson Engineering and Construction Co.*, R.I., 399 A.2d 1220 (1979). We discern legislative intent from statutory language if it is unambiguous and conveys a clear and sensible meaning. *Little v. Conflict of Interest Commission*, R.I., 397 A.2d 884 (1979).

Section 28–12–4.1, enacted in 1974, clearly requires that employers pay employees time and one–half "for all hours worked in excess of forty (40) hours per week." Thus, when the Legislature amended § 5–23–2 to provide that employers shall pay "no less than time and a half" for Sunday and holiday employment, employees who worked overtime on Sundays and holidays were receiving premium compensation for those hours under § 28–12–4.1. The Legislature is presumed to know the state of existing relevant law when it enacts or amends a statute. *Flather v. Norberg*, R.I., 377 A.2d 225 (1977); *Bailey v. Huling*, R.I., 377 A.2d 220 (1977). We therefore must presume that the Legislature knew in 1976 when it amended § 5–23–2 that employees covered by § 28–12–4.1 already received premium compensation for overtime hours worked on Sundays and holidays.

Viewing § 5–23–2 in light of the Legislature's knowledge of § 28–12–4.1, we consider its use of the words "no less than time and a half for work so performed" significant. Narragansett contends that payment of overtime under § 28–12–4.1 satisfies the requirement that it pay "no less than time and a half" for overtime hours worked on Sundays and holidays. That reading of § 5–23–2, however, disregards the import of the phrase "for the work so performed," which refers back to the phrase "work during Sundays or holidays." We therefore understand the phrase "for the work so performed" to mean "for the work * * * performed [during Sundays or holidays]." In our judgment, that phrase denotes legislative intent to mandate premium compensation expressly for Sunday and holiday employment. Read in light of that intent, the phrase "no less than" does not indicate legislative intent to permit employers to credit payments for overtime under § 28–12–4.1 toward the premium mandated by § 5–23–2. Rather, it signifies legislative recognition that certain employees would receive overtime compensation under § 28–12–4.1 in addition to premium compensation under § 5 –23–2 for the same hours of Sunday and holiday employment. Such a construction best effectuates the Legislature's intention to ensure in § 28–12–4.1 that employees receive a minimum wage for overtime employment equal to time and one–half of their hourly rate and its intent in § 5–23–2 to impose an additional cost on employers conducting business on Sundays and holidays in the form of a reward for employees who sacrifice their Sundays and holidays to work.

We draw further support for our interpretation of § 5–23–2 from the clause that excepts "those employees referred to in § 28–12–4.3(d)(1)" from its premium–compensation provision. In § 28–12–4.3(d)(1) the Legislature excepted from operation of the overtime–pay provisions of § 28–12–4.1

and § 28–12–4.2,[3] "[a]ny employee in a bona fide executive, administrative, professional or salaried capacity in accordance with the following definition:

"1. Compensated for services on a salary basis of not less than two hundred dollars ($200) per week."

Thus, the Legislature incorporated that exclusion expressly into § 5–23–2 by reference to § 28–12–4.3(d)(1). In light of that specific exclusion, we believe that if the Legislature had intended to allow employers to credit overtime pay toward the premium mandated by § 5–23–2, thereby in effect excluding employees who receive such pay from § 5–23–2, it would have done so expressly.

The petition for certiorari is therefore denied and dismissed, the writ previously issued is quashed, and the record certified to this court is ordered returned to the Superior Court endorsed with our decision.

**3.** In G.L.1956 (1979 Reenactment) § 28–12–4.2 the Legislature enacted a premium–compensation provision for employees employed on a biweekly basis identical to that provided in G.L.1956 (1979 Reenactment) § 28–12–4.1.