RHODE ISLAND HIGHER EDU-
CATION ASSISTANCE
AUTHORITY et al.

v.

RHODE ISLAND CONFLICT OF
INTEREST COMMISSION.

No. 83–266–Appeal.

Supreme Court of Rhode Island.

Feb. 26, 1986.

Joseph R. Palumbo, Jr., Middletown, for plaintiffs.

Teresa M. Quinn, Quinn & Quinn, Providence, for defendant.

## OPINION

MURRAY, Justice.

This action is before the court on appeal by the Rhode Island Higher Education Assistance Authority (RIHEAA or authority) and its members, plaintiffs, from a Superior court decision in favor of the Rhode Island Conflict of Interest Commission (commission), defendant, ordering the members of RIHEAA to comply with the financial-disclosure provisions of the Conflict of Interest Law, G.L.1956 chapter 14 of title 36, as enacted by P.L.1976, ch. 93, § 1. The issue raised by the plaintiffs on appeal evolved from the following set of facts.

On December 28, 1978, the commission rendered an emergency advisory opinion, No. 78–128, in which it enunciated a determination that the members of RIHEAA, a nonadvisory agency whose representatives are appointed officials within the meaning of §§ 36–14–2 and 36–14–3(2), are subject to the Conflict of Interest Law and should file financial statements. The plaintiffs responded through their counsel, Joseph R. Palumbo, Jr., in October 1979 advocating that authority members are not required to file annual financial-disclosure statements pursuant to the Conflict of Interest Law. The thrust of the plaintiffs' position is that the authority has in its own enabling act an internal conflict-of-interest provision, G.L. 1956 (1969 Reenactment) § 16–57–7(g), as amended by P.L.1979, ch. 11, § 1, which exempts its members from the disclosure requirements of chapter 14 of title 36. The plaintiffs also contend that unlike § 36–14–15, § 16–57–7(g) implicitly does not require RIHEAA members to file financial-disclosure statements. On January 14, 1980, the commission issued another advisory opinion, No. 79–96, which reconfirmed its earlier determination of this matter. In this opinion, the commission posited that because no specific exemption from the Conflict of Interest Law was given to RIHEAA members and because other public agencies whose statutes contained conflict-of-inter-

est provisions were covered by the disclosure requirements of chapter 14 of title 36, it was in the best public interest to read both statutes as not conflicting. The commission decided, therefore, that the disclosure requirements of the Conflict of Interest Law did apply to members of RIHEAA. This second opinion prompted the plaintiffs to institute a suit in Superior Court seeking a declaratory judgment that RIHEAA members are not governed by the financial-disclosure rules of the Conflict of Interest Law.[1] The trial judge, however, denied the plaintiffs' requested relief and ordered the authority's members to comply with the requirements of the statute. As a result, the plaintiffs have appealed to this court. Subsequent efforts by the commission to dismiss the plaintiffs' appeal on procedural grounds were unsuccessful, and this court ordered the case to be heard on the merits.

The narrow and sole issue before this court is whether the provisions of the Conflict of Interest Law, in light of RIHEAA's own internal conflict-of-interest rule, apply to the authority's members. This court has held that statutes are in pari materia if they relate to the same subject matter and are not inconsistent with each other. *Narragansett Food Services, Inc. v. Rhode Island Department of Labor*, 420 A.2d 805, 807 (R.I.1980). Further, statutes that relate to the same subject matter should be considered together so that they will harmonize with each other and be consistent with their general objective scope. *State v. Ahmadjian*, 438 A.2d 1070, 1081 (R.I.1981). This rule of construction applies even though the statutes in question contain no reference to each other and are passed at different times. *Id.* Oral argument, analysis of the briefs, and our review of the record and the pertinent statutes in issue lead us to conclude that not only are the Conflict of Interest Law and the RIHEAA statute § 16–57–7(g) harmonious and pari materia, but also that the latter

---

1. The plaintiffs also sought to quash the commission's advisory opinion No. 79–96 and to permanently enjoin the commission from enforcing that advisory opinion.

does not create an exemption from the former's disclosure requirements in favor of the authority's members.

According to § 36–14–1, the purpose of the Conflict of Interest Law is to ensure that no elected or appointed state or municipal official uses his office for personal gain in a manner inconsistent with the proper discharge of his duties. Section 36–14–4(a) sets forth in general terms the activities prohibited by the Conflict of Interest Law:

"No elected or appointed state or municipal official shall, while serving as such, have any interest, financial or otherwise, direct or indirect, or engage in any business, employment transaction or professional activity, or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his duties or employment in the public interest and of his responsibilities as prescribed in the laws of this state, as defined in § 36–14–6."

The remaining subsections of § 36–14–4(b–h) all involve specific types of conduct that are impermissible under the statute. A conflict exists under § 36–14–6 if the public official

"has reason to believe or expect that he or his spouse (if not estranged) or any dependent child, business associate or any business by which said person is employed or which said person represents will derive a direct monetary gain or suffer a direct monetary loss, as the case may be, by reason of his official activity."

If a potential conflict arises, a public official is compelled by § 36–14–5 to file with the commission a written statement describing the matter requiring action and the nature of the conflict. Significantly, this section also provides for the excusal of an official from participating in the matter involving the conflict of interest. Finally, § 36–14–15 and § 36–14–16 require public officials to submit on an annual basis financial-disclosure statements.

In comparison, the authority's enabling act contains a conflict-of-interest provision, § 16–57–7(g), which can be divided into two parts. The first part states that an official's employment in and of itself does not constitute a conflict of interest. The second part sets forth the procedure by which an authority member will disclose a potential conflict and regulate his participation in the authority action. Section 16–57–7(g) reads as follows:

"Notwithstanding any other law to the contrary, it shall not be or constitute a conflict of interest for a director, officer or employee of any financial institution, investment banking firm, brokerage firm, commercial bank, trust company, savings and loan association, credit union, insurance company, educational institution or anv other firm, person or corporation to serve as a director of the authority nor shall any contract or transaction between the authority and any such financial institution, investment banking firm, brokerage firm, commerical bank, trust company, savings and loan association, credit union, insurance company, educational institution or any other firm, person or corporation be void or voidable by reason of such service as director of the authority. If any director, officer or employee of the authority shall be interested either directly or indirectly, or shall be a director, officer or employee of or have an ownership interest other than as the owner of less than one percent (1%) of the shares of a publicly-held corporation in any firm or corporation interested directly or indirectly in any contract with the authority, such interest shall be disclosed to the authority and set forth in the minutes of the authority, and the director, officer or employee having such interest therein shall not participate on behalf of the authority in the authorization of any such contract. Interested directors may be counted in determining the presence of a quorum at a meeting of the board of directors of the authority which authorizes the contract or transaction."

From a review of the above set forth statutes, it is evident that the Conflict of Interest Law and RIHEAA's conflict-of-interest provision are reconcilable. The legislative histories of these respective statutes indicate that § 16–57–7(g) was enacted a year after the passage of chapter 14 of title 36. As a result, the Legislature was aware of the extensive coverage of the Conflict of Interest Law when it created RIHEAA and the provisions governing it in 1977. The nature of RIHEAA's business involves, inter alia, the securing of loans for purposes of assisting Rhode Islanders in their pursuit of higher education. As a result, RIHEAA spends a great deal of its time conducting transactions with banks, universities, and colleges. In order for RIHEAA to serve best the people of this state, the most qualified individuals for positions on the Authority are professionals from academic and financial institutions. Taking into account these considerations, we find it reasonable to assume, as the trial court did, that the Legislature included a conflict provision when creating the authority because it anticipated that a member of RIHEAA might be faced with a conflict of interest while carrying out his or her public duties. The language of § 16–57–7(g) does not expressly or implicitly create an exemption from the requirements of the Conflict of Interest Law in favor of the authority's members. Rather, § 16–57–7(g) supplements the broader provisions of chapter 14 of title 36 by stating that the nature of a member's employment in a financial or academic institution does not in and of itself create a conflict of interest. This language in RIHEAA's conflict-of-interest provision is consistent with the commission's view propounded in its advisory opinion, No. 77–1, stating "[T]he mere appointment of qualified individuals [to governmental agencies] should not in any way be misconstrued as fostering violations of the Conflict of Interest Law."

In further support of the consistency between the statutes, it is significant to note that although the authority's conflict law contains similar provisions for disclosure and removal, these provisions are not as extensive and complete as the requirements in the Conflict of Interest Law. In light of the more narrow and specific nature of the authority's conflict provision, it is not persuasive to suggest that it supersedes and replaces in toto the broader requirements of the Conflict of Interest Law. This interpretation of statutory consistency between § 16–57–7(g) and chapter 14 of title 36 is supported by the fact that of eleven authorities adjudged by the commission to come under the Conflict of Interest Law, eight also have conflict provisions written into their enabling legislation. These provisions have not been found to be inconsistent with the Conflict of Interest Law. In fact G.L.1956 (1984 Reenactment) § 42–64–8(g) in the Rhode Island Port Authority Act is virtually identical to RIHEAA's conflict rule.

Finally, RIHEAA's argument that we should construe its conflict provision as a specific exception to the Conflict of Interest Law because the former postdates the latter is unconvincing. General Laws 1956 (1980 Reenactment) § 43–3–26 provides as follows:

"Wherever a general provision shall be in conflict with a special provision relating to the same or to a similar subject, the two (2) provisions shall be construed, if possible, so that effect may be given to both; and in such cases, if effect cannot be given to both, the special provision shall prevail and shall be construed as an exception to the general provision."

The clear preference is for the court to construe the statutes so that both may be given effect. Premised on our analysis as set forth above, we find that the statutes are reconcilable in that the authority's conflict provision merely supplements and is not inconsistent with the requirements of the Conflict of Interest Law. This reading of the statutes in issue fully supports the respective legislative intent of each law and advances the public interest by ensuring full disclosure.

Accordingly, the plaintiffs' appeal is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers are remanded to the Superior Court.