James C. BULMAN

v.

Walter J. KANE.

No. 85–253–Appeal.

Supreme Court of Rhode Island.

Jan. 8, 1987.

Kathleen Managhan, Corcoran Peckham & Hayes, Newport, for plaintiff.

Arlene Violet, Atty. Gen., David D. Prior, Sp. Asst. Atty. Gen., for defendant.

OPINION

MURRAY, Justice.

This matter comes before the court on the defendant's appeal from a Superior Court judgment for the plaintiff premised upon the pleadings.

The plaintiff, James C. Bulman, took office as an associate justice of the Rhode Island Superior Court on June 29, 1964, and retired on March 31, 1977. Pursuant to G.L.1956 (1969 Reenactment) § 8–3–7, as amended by P.L.1973, ch. 163, § 1,[1] Judge Bulman continued to sit on the Superior Court as a retired judge, during which period he received no compensation in addition to his retirement pay. Beginning in 1980, in addition to his retirement pay, Judge Bulman was paid for his services under the then newly enacted provisions of § 8–3–10, as amended by P.L.1979, ch. 19, § 3. The statute read:

"Any justice or judge of the supreme court, superior court, family court, or district court who shall retire in accordance with the provisions of §§ 8–3–7, 8–3–8, or 8–3–12 and who shall subsequently be assigned to perform service in accordance with §§ 8–3–7 or 8–3–8, and

---

1. In 1977, G.L.1956 (1969 Reenactment) § 8–3–7, as amended by P.L.1973, ch. 163, § 1 read:

"Whenever any person has served as a justice of the supreme court, the superior court, the family court, the district court or any combination thereof, for twenty (20) years, or has so served for ten years and has reached the age of sixty-five (65) years, he may retire from active service and thereafter he shall receive annually during life a sum equal to three fourths (3/4) of the annual salary that he was receiving at the time of retirement.

"Any justice in any of said courts who shall retire in accordance with the provisions of this section may, at his own request and at the direction of the chief justice of the supreme court, subject to the retiree's physical and

mental competence be assigned to perform such services as an associate justice of the superior court, or the family court, or the district court as the presiding justice of the superior court or the chief judge of the family court or the district court shall prescribe. When so assigned and performing such service, he shall have all the powers and authority of an associate justice of the superior court, the family court, or the district court but otherwise shall have no powers nor be authorized to perform any judicial duties. Such a retired justice shall not be counted in the number of judges provided by law for the superior court, the family court or the district court."

when so assigned and performing such service, shall receive in addition to his or her retirement pension, the difference in pay and fringe benefits between what he or she was entitled to receive under §§ 8-3-7, 8-3-8 or 8-3-12 prior to exercising his or her options available under § 8-3-11 and what a judge or justice with comparable state service time is receiving as a justice or judge of the court to which he/she is assigned, or a justice or judge of the court from which he/she retired, whichever is greater."

The defendant, Walter J. Kane, in his capacity as the state court administrator, is responsible for the computation of pay and fringe benefits for the active and retired judiciary in Rhode Island. Pursuant to § 8-3-10, the administrator increased Judge Bulman's retirement salary to equal the compensation level of a sitting associate justice of the Superior Court with thirteen years of service. A dispute existed, however, between the judge and the administrator concerning the additional longevity credits that Judge Bulman sought to receive under Rhode Island law for his period of service as a sitting retired justice.

Sections 4.061 and 4.062 of the Rhode Island State Personnel Rules provide:

4.061 Longevity is defined as total length of service with the State of Rhode Island not necessarily continuous. In computing length of service for longevity purposes all full-time and part-time employment is to be counted. Emergency appointments are to be counted and work performed by an individual under contract to the State is to be counted * * *.

4.062 Each employee shall be granted longevity increases according to the following formula unless modified by the particular union contract:

| Years of Service | Percentage Increase on Gross Rate |
|---|---|
| 7 | 5% |
| 11 | 10% |
| 15 | 15% |
| 20 | 17.5% |
| 25 | 20% |

Judge Bulman contends that he should receive longevity credits for the years in which he has served as a recalled retired judge. He argues that as of 1986 he accumulated twenty-two years of state service. The administrator contends that the period for calculating Judge Bulman's longevity years of service ceased when Judge Bulman retired. Therefore, the administrator argues, for purposes of longevity pay Judge Bulman should only be credited with the thirteen years of state-service time he had accumulated as of March 31, 1977, when he retired.

The parties contentions are based on different interpretations of § 8-3-10. Section 8-3-10 provides that a retired judge who returns to the bench shall receive pay equal to that of an actively sitting judge with comparable state service time. It is this "state service time" that is in dispute. Should "state service time" be construed, as Judge Bulman argues, to include his time of active service along with his time of recalled retired service? Or should "state service time" be construed, as the administrator argues, to be only that time of active service with the state? The issue is resolved by looking to definitions in the personnel rules.

General Laws 1956 (1984 Reenactment) §§ 36-4-16 through 36-4-16.4, which exist today as they did in 1980, create the unclassified pay-plan board, the governmental agency responsible for establishing a pay plan for judges. They also empower that agency with establishing rules and regulations necessary to implement such a plan. One definitional rule promulgated by the board is Unclassified Service Personnel Rule 1.25, which states:

" 'RETIREMENT' means the separation of an employee from his position in the state service in accordance with the provisions of the Employees' Retirement System of the state of R.I. (chapters 8, 9, 10, of Title 36, of the General Laws of 1956)."

Under Rule 1.25 a retired person is a person who has been *separated* from his posi-

tion in "state service." Hence, such a person can no longer put in "state service time," even if he or she is performing recalled retired service for the state.

The Legislature was aware of the technical difference between "state service time" and performing recalled retired service for the state when it enacted § 8–3–10. Section 8–3–10 refers to a retired sitting judge as one who is being "assigned to perform service" for the state, whereas a nonretired judge sitting for the same period is referred· to as accruing "comparable state service time." We are bound by this difference, intended by the Legislature in its careful drafting of § 8–3–10. *State v. Timms,* 505 A.2d 1132, 1136 (R.I.1986).

Further support for this interpretation is found in § 8–3–7, under which Judge Bulman is authorized to sit. Section 8–3–7 states that outside the time that a judge is performing retired services, he or she has "no powers nor [is he or she] authorized to perform any judicial duties." Further, "[s]uch a retired justice shall not be counted in the number of judges provided by law." Since we presume the Legislature to know existing laws when it enacts a statute, *Narragansett Food Services, Inc. v. Rhode Island Department of Labor,* 420 A.2d 805, 808 (R.I.1980), it was cognizant of § 8–3–7 when it drafted § 8–3–10. The Legislature understood that it was not creating a new class of "state service" positions when it enacted § 8–3–10. Hence, the Legislature did not intend to negate Unclassified Service Personnel Rule 1.25, which by definition separates retired justices from positions of "state service." Nor did it intend to create a new entitlement for retired justices by way of revived longevity credits. By enacting § 8–3–10, the Legislature upgraded the compensation of recalled retired judges above what they were receiving under §§ 8–3–7, 8–3–8, or 8–3–12. Under § 8–3–10 a retired judge who is recalled is entitled to receive the same compensation that an active judge, with the same number of years of active state service as the retired judge had accu-

mulated prior to his or her retirement, would receive.

The longevity increases to which Judge Bulman is entitled under Personnel Rule 2.061 are based on the thirteen years of "state service time" he had accumulated as of March 31, 1977, his date of retirement. As of that date, Judge Bulman was separated from state service and his longevity credits were fixed thereby. Any subsequent periods in which he was recalled as a retired judge do not affect the fact that Judge Bulman's longevity credits were fixed as of March 31, 1977.

For these reasons, the administrator's appeal is sustained. The judgment appealed from is reversed. The papers are remanded to the Superior Court for entry of our judgment in accordance with this opinion.