[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a final decision of the Director of Labor for the State of Rhode Island. Jurisdiction in this Superior Court is pursuant to § 25-3-5 and § 42-35-15R.I.G.L.
I
CASE TRAVEL
The plaintiff is Wetterau Incorporated, a Missouri corporation doing business in Rhode Island through one of its subsidiary's, Roger Williams Foods. The plaintiff is a food broker and wholesaler, dealing primarily in what it refers to as perishable foods such as meat; poultry; ice cream; vegetables, etc. It claims that because of the limited "shelf life" and sale expiration dates of its products it is required to maintain a seven day weekly operation and work force. It also claims that because of the premium Sunday and holiday pay requirements of §25-3-3 R.I.G.L. it is incurring business operation losses and should accordingly be relieved and exempted from compliance with § 25-3-3. To that end, the plaintiff filed a request with the defendant Director of Labor seeking to be exempted from the provisions of that statute. The defendant Director of Labor, as required, held a hearing on that request. At that hearing the plaintiff presented various company witnesses who testified regarding the nature and manner of the plaintiff's business. Evidence was also presented which indicated that the plaintiff had an actual operating loss of eight million ($8,000,000) dollars in 1991 and an anticipated operating loss of six million ($6,000,000) dollars in 1992. (tr. 15) Of those multi-million losses however, the annual amount of "loss" which the plaintiff attributed to § 25-3-3 was only $537,600. (tr. 15)
Because of its alleged overall operating losses in 1991 and 1992 the plaintiff asserted at the hearing that by virtue of the nature of its perishable food business and the Rules and Regulations adopted by the Director of Labor to implement Title25 Chapter 3 it was entitled to be totally exempted from the provisions of Title 25 Chapter 3.
After the hearing, the Director of Labor filed a written decision wherein he denied the plaintiff's total exemption request. From that decision, this appeal followed.
II
SCOPE OF APPELLATE REVIEW PURSUANT TO § 42-35-15 R.I.G.L.
General Laws 1956, § 42-35-15, as amended, confers appellate jurisdiction in this Superior Court to review decisions of the various state administrative agencies. The scope of review permitted, however, is limited by that statute. Fundamental in the statute is the basic legislative intention that this Court should not, and cannot, substitute its judgment on questions of fact for that of the respondent agency. Lemoine v. Department ofPublic Health, 113 R.I. 285, 291 (1974). This is so, even in those cases where this Court, after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency. Cahoone v. Board of Review,104 R.I. 503, 506 (1968). Judicial review on appeal is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence therein to support the agency's decision. If there is such evidence, this Court is required to uphold the agency's factual determinations.Liberty Mutual Ins. Co. v. Janes, 586 A.2d 536, 537 (R.I. 1991);St. Pius X Parish Corp. v. Murray, 557 A.2d 1214 (R.I. 1989);Costa v. Registrar of Motor Vehicles, 543 A.2d 1307 (R.I. 1988);Sartor v. Coastal Resources Mgt. Council, 542 A.2d 1077 (R.I. 1988); Narragansett Wire Co. v. Norberg, 118 R.I. 596, 607 (1977); Prete v. Parshley, 99 R.I. 172, 176 (1965).
Where, however, the findings or conclusions made by an agency are "totally devoid of competent evidentiary support in the record" or by the reasonable inferences that can be drawn therefrom, then the findings made by the agency are not controlling upon this Court. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (1981); Millerick v.Fascio, 384 A.2d 601, 603 (1978); DeStefanis v. Rhode IslandState Board of Elections, 107 R.I. 625, 627, 628 (1970).
The Administrative Procedure Act, G.L. 1956 § 42-35-15,
permits this Court to reverse, modify or remand an agency decision only in those instances where it finds that substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory provisions; or in excess of the statutory authority of the agency, or made upon unlawful procedure, or affected by other error of law, or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or is arbitrary or capricious or characterized by abuse of discretion or by a clearly unwarranted exercise of the agency's discretion.
III
REVIEW OF CERTIFIED RECORD
A review of the hearing record certified to this Court pursuant to § 42-35-15(d) indicates quite clearly that the Director of Labor thoroughly considered and evaluated the hearing evidence. His findings, while not those desired by the plaintiff, nonetheless find support in the hearing record. He determined and found that the plaintiff did in fact deal in the storage, supply and sale of perishable food products to retail vendors. He determined also that because all of the plaintiff's perishable food products were maintained and stored in refrigerated quarters that the plaintiff had failed to prove to his satisfaction that it had to absolutely "move the product" on any given day. He also concluded and determined that even if the plaintiff did elect to close down its business operation on a Sunday or holiday so as to avoid paying the required Sunday and holiday premium employee wages as required by § 25-3-3 there would be no appreciable loss of perishable frozen or refrigerated foods.
Perhaps more significant from the hearing record and the Director's decision, is the fact that he recognized that he was not compelled by either the statute in question (Title 25Chapter 3) or by the Rules and Regulations promulgated thereunder, to exempt the plaintiff "in toto" from the requirements of § 25-3. The Director commendably recognized the unnoticed ancillary issue raised by the plaintiff's contention; namely, that of depriving the plaintiff's employees of their statutory right not to work on a Sunday or holiday and of their statutory right to be free from the fear and the reality of being fired for exercising their right not to work on those days.
The Director found that while § 25-3-7 permits broad discretion in him to grant exemption from the statutory Sunday and holiday work and pay requirements it does not mandate an "in toto" exemption as claimed by the plaintiff. That finding is clearly supported by the statute and the hearing record.
It appears from the record and the plaintiff's memorandum submitted in support of its appeal that it misconceives the nature of the permitted purpose and scope of the Rules and Regulations promulgated by the Director. (Exhibit 5) Section25-3-2 makes it unlawful for any employee to require or permit an employee to work on Sundays or holidays "except for work of absolute necessity" or work performed pursuant to a permit issued by the Director of Labor. Section 25-3-3 provides that any such permit issued by the Director of Labor can only be issued in cases of "economic necessity" and only for a specific period of time, not to exceed one year. The hearing record in this case leaves entirely unclear whether the plaintiff has in fact a present valid permit. (tr. 18) In any event, § 25-3-3
additionally requires an employer to pay to any employee at least one and one-half (1 1/2) times the employee's normal rate of pay. That Sunday and holiday premium pay, it should be noted, is inaddition to any overtime pay the employee may be entitled to.Narragansett Food Services, Inc. v. R.I. Dept. of Labor,420 A.2d 805, 807 (1980). Section 25-3-6 authorizes the Director of Labor to make and promulgate such Rules and Regulations as shall be necessary to fully and properly implement the Sunday and holiday work Chapter. Full and proper implementation of § 25-3-1through 10 means to fully implement the legislative purpose and intent of that Chapter. That means, to adopt by virtue of §25-3-6, Rules and Regulations that will provide for how and when a Sunday and holiday work permit can be applied for and granted by the Director to a particular employer because of that particular employer's "economic necessity" and in any event, for not more than one year.
The plaintiff here seeks not only a Sunday and holiday work permit from the Director, without any time limitation, but also, a total exemption from the Sunday and holiday premium pay requirement. (tr. 3, 26-27) In short, total exemption from the § 25-3 et seq. requirements.
It appears to this Court that the only authorization given to the Director of Labor to grant a total exemption to anyone from the Title 25 Chapter 3 provisions is found in § 25-3-7. That exemption granting authorization is limited however to a particular "class of employers either because of the nature oftheir operations or their size." The plaintiff here is not, and does not represent any "class of employers" but is instead, seeking singular relief for its own particular business operation. It is clear from the hearing record that the plaintiff's operation is not as profitable as it might have envisioned, but the reality of its financial loss evidence reveals that its having to comply with the Sunday work and premium pay statute is not any significant factor in its loss projections. Exclusive of its alleged Sunday premium pay costs, the plaintiff's 1991 losses appear to have been at least 7 1/2 million dollars and in 1992 its loss was expected to be some 5 1/2 million dollars. (tr. 14-15)
It appears from the hearing record that perhaps the plaintiff's real reason and purpose in seeking total exemption from the statutory premium Sunday and holiday pay requirement is to be able to compete with, and eventually squeeze out, or keep out, any competition from out of state suppliers. (tr. 14,24-25, 28)
The hearing record certainly supports the Director's finding that the plaintiff has failed to show that any of its perishables have spoiled, or would spoil if it were required to abide by the Sunday work law requirements. The record discloses that the plaintiff has more than ample work shifts available to keep its operation going on a seven day basis (tr. 20-21) and if it should, for economic reasons elect to close its operation on Sundays and holidays, its products are kept safe by its refrigeration process and facilities.
This Court in its review of the record certified here by the Director of Labor finds nothing therein which is in violation of any constitutional or statutory authority; finds nothing therein to suggest that the Director acted in excess of the authority granted to him by law; finds that the Director's procedure was lawful and that his decision is not affected by any error of law. This Court further finds that the Director's decision is not clearly erroneous in view of the reliable, probative and substantial evidence contained in the record; is not arbitrary or capricious, and, is not characterized by any abuse of discretion by him.
Accordingly, pursuant to the specific legislative mandate contained in § 42-35-15 R.I.G.L. this Court must, and does, deny and dismiss the plaintiff-appellant's appeal.
The decision of the Director of Labor made on June 17, 1992 is affirmed.
Counsel will prepare and present an appropriate Judgment for entry by the Court within fifteen (15) days.