ALBERT GRASSI *vs.* MILTON GOMBERG.

SAME *vs.* MILTON BLETELL.

FEBRUARY 11, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J. These actions of trespass on the case for deceit were tried together to a jury in the superior court and resulted in a verdict for the plaintiff for $9,900 in each case. Thereafter the trial justice denied each defendant's motion for a new trial. Each case is here on a bill of exceptions to such denial and several other exceptions taken dur-

ing the trial. However, since such other exceptions have been neither briefed nor argued, they are deemed to be waived. Only the exception to the denial of the motion for a new trial in each case will be considered here.

In his decision denying the motions for a new trial, the trial justice discussed at considerable length the evidence in connection with plaintiff's allegations of deceit and the applicable law which he had given to the jury in his charge. He thereupon concluded as follows: "After considering all the evidence in this case, relating to the false representations concerning the intention of the defendants to incorporate the business, and having considered the weight thereof and the credibility of the witnesses, it is the opinion of this Court that the evidence sustains the verdicts of the jury and that such verdicts do substantial justice between the parties." He further stated that "the jury was not only warranted in returning a verdict in each case for the plaintiff but that the evidence would not warrant its reaching any other conclusion." This is a strong approval of the verdicts on every ground raised in defendants' motions. In such circumstances his decision will not be disturbed unless it is clearly wrong.

While defendants based their motions for a new trial on four grounds, namely, that the verdicts were against the law, the law and the evidence, the evidence and the weight thereof, and failed to do substantial justice, they have briefed and argued here only the first ground. Under that ground they contend that the trial justice erred in failing to find that the verdicts were against the law. Since the other grounds were neither briefed nor argued they are deemed to be waived. We shall therefore treat only the above contention and discuss such evidence as is necessary to a proper understanding of defendants' argument in support of such contention.

The plaintiff alleged in his declarations that he had been defrauded of divers sums of money by the false representa-

tions of defendants by which he had been induced to invest such sums in their furniture business then being conducted by them as copartners under the firm name of Milton Furniture Company. In substance those representations were that the business was in good financial condition and that in return for plaintiff investing in the company they would incorporate it and issue stock to him to protect his investment. There was a conflict in the evidence as to whether plaintiff knew or should have known of the unsatisfactory financial status of the business during the time he paid defendants his money from 1945 to 1949 inclusive. However, it was undisputed that defendants took no steps to incorporate their business during that time and apparently they had no intention of doing so until it appeared in 1949 that it was insolvent.

The jury returned general verdicts for the plaintiff and therefore it is not known whether they based them on the defendants having been proved guilty of both alleged false representations or of only one. However, in his decision the trial justice approved the verdicts only on the ground that defendants obtained plaintiff's money by falsely representing to him that if he would invest in the business they would incorporate it and issue to him shares of stock therein. As to the representation of the financial soundness of the business, the trial justice expressed doubt that the evidence on such issue was sufficient to support the verdicts.

For this reason defendants contend in effect that there is no legal basis for the trial justice's approval of the verdicts, since a misrepresentation that they would incorporate was no more than the promise of an intention to do something in the future and therefore was not a good ground for an action for deceit. In their main brief they argue this contention at length and cite authorities in support thereof. There is no question that the law here as elsewhere is that the false representation must be of an existing fact.

A difficulty sometimes arises, as in *Swift* v. *Rounds*, 19

R. I. 527, in determining whether an admittedly false representation was of an existing fact. In the instant case, however, there is no such difficulty, because the trial justice specifically charged the jury as follows: "Such of these representations as related to the purpose of the defendants to incorporate the business and to issue stock to the plaintiff were representations as to the actual intention of the defendants at the time the representations were made." He further charged: "If you find that these defendants did represent that it was their intention to incorporate the business and issue stock of the corporation to the plaintiff, and at the time they made such representation it was not their intention to incorporate the business and issue stock to the plaintiff, you have a false representation of a material fact."

Since there was no exception to that charge the law as thus stated became for the jury the law of the case, which they were bound to follow. Similarly the trial justice, on a motion for a new trial, was bound to apply the same law in deciding whether the verdicts were against the law. Only if they were contrary to the law as he stated it to the jury would he be warranted in granting defendants a new trial on that ground. In other words, under our practice the trial justice is precluded after verdict from correcting any error of law in his charge. The defeated party's remedy for obtaining a new trial for such error is by exception to the specific portion of the charge wherein it occurs. *Union Fabrics Corp.* v. *Tillinghast-Stiles Co.*, 58 R. I. 190; *McElroy* v. *Carney*, R. I., 124 Atl. 98.

After argument in this court defendants filed an additional brief in which they now apparently concede such is the law, but they nevertheless urge that this court should grant them a new trial "because even assuming the law of the case to be 'That a failure to incorporate is a legal misrepresentation' we say there was insufficient evidence for any jury to have found this to be a misrepresentation in

fact." The short answer to this argument is that it raises a question of the weight of the evidence which the trial justice's decision has emphatically answered in favor of the verdicts. As above stated, this court will not disturb such decision unless it is clearly wrong. After carefully reading the transcript with special reference to this additional argument of defendants we cannot say that the decision is clearly wrong.

The exception to the denial of defendant's motion for a new trial in each case is therefore overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Curran & Friedman, Charles A. Curran,* for plaintiff.

*James J. Corrigan,* for defendants.