DECISION
This matter is before the Court on defendants' motion for new trial pursuant to Super. R. Civ. P. 59 and plaintiffs motion for injunctive relief pursuant to Super. R. Civ. P. 65. The defendants' motion for new trial follows a jury verdict entered for the plaintiff in the amount of $300,000.00 plus interest.
The plaintiff filed an amended complaint alleging negligence, nuisance, indemnification, continuing trespass, breach of contract, and seeking injunctive relief due to defendants' installation of a drain and piping on plaintiff's property located in the Town of North Providence, Assessor's Plat 23C, Lot 759.
The defendants installed the drain and piping, which ran across plaintiffs property to a nearby pond in 1978. The plaintiff purchased the property in December of 1986, unaware of the drainage system. In 1987 or 1988 the defendants replaced the drain with an open ditch. The waterflow from the ditch significantly interfered with plaintiff's use of the property and, when plaintiff attempted to repair the drain, he was issued a notice of violation for altering freshwater wetlands without a permit, and was fined by the Department of Environmental Management. Before plaintiff attempted to repair the drain, the Town Council met and agreed to compensate plaintiff up to $57,000 for any work connected to the repair of the drain. However, defendants refused to reimburse plaintiff.
After hearing the testimony of numerous witnesses, the jury answered special interrogatories in plaintiffs favor finding (1) that the defendants' actions materially interfered with the ordinary physical comfort or reasonable use of plaintiffs property; (2) that due to the acts of the defendant, the plaintiff suffered harm that he ought not to have borne, or suffered peculiar and special damage to a degree different from, or greater than, that of the public at large; (3) that the defendants breached a duty to plaintiff which proximately caused damage to plaintiffs property; (4) that the defendants did not acquire an easement by prescription to collect and divert surface water onto plaintiff's property; (5) that defendants did not acquire a prescriptive easement to create drainage ditches on plaintiffs property; (6) that defendants' collection and discharge of surface water onto plaintiffs property constituted a continuing trespass for which the defendants are liable to plaintiff; (7) that defendants breached a contract with plaintiff; and (8) that the amount of plaintiffs damages is $300,000.00.
After trial, defendants filed a motion for new trial broadly alleging, among other matters, that the verdict was against the law and evidence, against the weight of the evidence, and that an error of law was committed at trial. With respect to a motion for new trial, the rule has recently been amended to conform with the federal rule that encompasses errors of law occurring at trial. The amended rule 59 (a) states:
 A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for error of law occurring at the trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state. . . .
Thus, in addition to the previous grounds for a new trial, the amended rule provides, in conformity with the federal rule, that "Any error of law, if prejudicial, is a good ground for a new trial." Wright, Miller and Kane, Federal Practice and Procedure
§ 2805, at 55 (1995). However, "A principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result. This principle has particular application to claims of error in instructions that were not objected to since it is stated in so many words in Rule 51." Id. at 57-58. Rule 51 in this State follows the federal rule in this respect.
In ruling on a motion for new trial on the ground that the verdict is against the weight of the evidence, the trial justice exercises great discretion. First, the trial justice must consider all material evidence in light of the jury charge. Foxv. Allstate Ins. Co., 425 A.2d 903, 907 (R.I. 1981). The trial justice "must pass upon the weight and credibility of the evidence, accepting and rejecting conflicting testimony as if he were sitting as a fact-finder." Fox v. Allstate Ins. Co., 425 A.2d at 907; See also, Poynter by Poynter v. Ratcliff, 874 F.2d 219, 223 (4th Cir. 1989). Next, the trial justice must decide "`whether to approve the verdict even against doubts as to its correctness because the evidence is nearly balanced, or is suchthat different minds can naturally and fairly come to differentconclusions thereon.'" Fox v. Allstate Ins. Co., 425 A.2d at 907 (quoting Barbato v. Epstein, 97 R.I. 191, 194, 196 A.2d 836, 837 (1978)); see also, United States v. L.E. Cooke Co., Inc.,991 F.2d 336, 343 (6th Cir. 1993). The trial justice's ruling on a motion for new trial will be reversed only if he or she "`overlooked or misconceived material evidence or was otherwise clearly wrong.'" Id.
At the hearing on the motion for new trial, defendants argued that the elements of easement by prescription were admitted in the pleadings and admissions; thus, the question of easement by prescription should never have been given to the jury. Defendants argued that the elements of easement as required by Gen. Laws 1956 (1989 Reenactment) § 24-7-1 — actual, open, notorious, hostile and continued use under a claim of right for ten years — were established. Defendants contend that plaintiffs complaint established these elements because plaintiff alleged that the drain was installed over ten years ago, and plaintiff did not give defendants permission to install the drain. Defendants contend the Court committed error by permitting the jury to decide this issue. Further, defendants argue that if an easement by prescription was established, they had a right to be on plaintiff's land and there could be no continuing trespass or nuisance.
This Court denies defendants' motion for new trial on this ground because defendants failed to object specifically to the submission of special interrogatories number four and five regarding the acquisition of a prescriptive easement.[1] In objecting, defendants merely stated, "I object to the first part." Since defendants failed to object specifically, they cannot now raise this issue on motion for new trial. See Scarfov. Cabletron Systems, Inc., 54 F.3d 931, 941 (1st Cir. 1995) (when a party fails to object to the charge, relief is granted only to prevent the clear miscarriage of justice).
The defendants also based their motion for new trial on the jury's award of damages for breach of contract, claiming that plaintiff had failed to offer expert testimony regarding the cost of repair or fair value of the materials and labor used to repair the property. The jury was given the following instructions:
 Under R.I. law, where a contract has been breached by one party, the damages which the other party ought to receive in respect to such breach of contract should be fairly and reasonably be considered either arising naturally according to the usual order of things from such a breach of contract itself or as may reasonably supposed to have been in contemplation of both parties at the time they made the contract and the result of it. George v. George F. Berkander, Inc., 92 R.I. 426; and
 Under R.I. law, the rule for damages in a contract action is that an injured party should be returned to as good a position as that party would have been had the contract been fully performed. R.I. Turnpike Authority v. Bethlehem Steel, 415 A.2d 1295.
The plaintiff argues that the award of $300,000.00 should not be disturbed as it attempts to place plaintiff in as good a position as that if the contract had not been breached. Plaintiff claims the award was supported by the evidence that plaintiff had spent over $100,000 repairing the drain and preparing the property for development, $34,000 in taxes on property he could not develop, $3,000 in DEM fines, and at least $155,000 for diminution in the value of the property, based on the Town's assessment in that amount.
The award of damages in a real estate action is the cost of repair when the damage to the real estate is temporary, but diminution-of-value when the damage is permanent. Greco v.Mancini, 476 A.2d 522, 526 (R.I. 1984). The jury verdict indicates the jury improperly awarded both the cost of repair and diminution-of-value. Thus, this Court finds that the jury verdict is against the law and evidence. Consequently, a new trial is granted solely on the issue of damages as the issue of liability has been fairly tried and settled. See Labree v. Major,111 R.I. 657, 679, 306 A.2d 808, ___ (1973)[2]
Finally, the defendants argued that the award of prejudgment interest was improper because the State is not liable for prejudgment interest in tort actions. However, the award of prejudgment interest was calculated on the award of damages for breach of contract, so defendants' argument is without merit. R.I.G.L. § 9-21-10; see Jolicoeur Furniture Co., Inc. v.Baldelli, 653 A.2d 740, 755 (R.I. 1995) (plaintiffs may recover statutory prejudgment interest against the state in contract actions). Because this Court has ordered a new trial on the issue of damages, the amount of prejudgment interest will be recalculated at that time.
Accordingly, defendants' motion for new trial is granted solely on the issue of damages for breach of contract. This Court reserves plaintiffs motion for injunctive relief until a final judgment has entered on this issue of damages.
Counsel shall prepare the appropriate order for entry.
[1] The defendants have not argued before this Court in their motion or at the hearing that the jury verdict regarding easement by prescription is against the great weight and preponderance of the evidence.
[2] Prior to the amendment of Super. R. Civ. P. 59, "the trial justice [was] precluded after verdict from correcting any error of law in his charge." Grassi v. Gomberg, 81 R.I. 302, 305,102 A.2d 523, 525 (1954). However, under the amendment, such an error of law is proper grounds for a motion for new trial. Carter v.District of Columbia, 795 F.2d 116, 135 (D.C. Cir. 1986) (trial judge may enter judgment on jury's verdict despite charge error if adverse party does not timely object to the charge error, or trial judge may order a new trial on his or her own initiative).