DECISION
Defendant Huhtamaki, Inc., as corporate successor to Huhtamaki Foodservice, Inc. and Huhtamaki-East Providence, Inc. (Huhtamaki), filed a Motion for Reconsideration of this Court's February 18, 2011 Decision granting Plaintiff Ferris Avenue Realty, LLC's (Ferris Avenue) Motion for Summary Judgment.See Ferris Avenue Realty, LLC v. Huhtamaki, Inc., No. PB 07-1995 (R.I. Super. Ct. Feb. 18, 2011). Huhtamaki seeks, interalia, reconsideration of the Court's construction of the Indemnity Agreement, entitling Ferris Avenue to indemnification for its own reasonably incurred costs or Damages resulting from the investigation and clean-up of Hazardous Materials discovered on the Property. *Page 2 
 I Facts and Travel
The facts and travel of this case have been well-documented in a prior written Decision of this Court. See Ferris AvenueRealty, LLC v. Huhtamaki, Inc., No. PB 07-1995 (R.I. Super. Ct. Feb. 18, 2011). Therefore, the Court will not repeat the facts and travel of this case.[1]
 II Standard of Review
The Rhode Island Superior Court Rules of Civil Procedure, similar to the Federal Rules of Civil Procedure, do not specifically provide for motions to reconsider. School Comm. of City of Cranston v.Bergin-Andrews, 984 A.2d 629, 649 (R.I. 2009). However, our Supreme Court applies a liberal interpretation of the rules, and "look[s] to substance, not labels." Sarni v. Melocarro,113 R.I. 630, 636, 324 A.2d 648, 651 (1974). Accordingly, courts should treat a motion to reconsider as a motion to vacate under Super. R. Civ. P. 60(b). Bergin-Andrews,984 A.2d at 649 (citing Keystone ElevatorCo. v. Johnson Wales Univ., 850 A.2d 912, 916 (R.I. 2004)).
Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding. . . ." Super. R. Civ. P. 60(b). It is well settled that a Rule 60(b) motion to vacate "is addressed to the trial justice's sound judicial discretion and `will not be disturbed on appeal, absent a showing of abuse of discretion.'" Keystone Elevator Co.,850 A.2d at 916 (quoting CrystalRest. Mgmt. Corp. v. Calcagni, 732 A.2d 706, 710 (R.I. 1999)). However, our Supreme Court has cautioned *Page 3 
that Rule 60(b) is not "a vehicle for the motion judge to reconsider the previous judgments in light of later-discovered legal authority that could have and should have been presented to the court before the original judgment entered." Jackson v. Medical Coaches,734 A.2d 502, 505 (R.I. 1999) (citations omitted). Similarly, a party should not use Rule 60(b) merely to seek reconsideration of a legal issue or as a request that the trial court change its mind.See id., 734 A.2d at 508 n. 8 (citing United States v.Williams, 674 F.2d 310, 312-13 (4th Cir. 1982)); seealso Cashner v. Freedom Stores, Inc.,98 F.3d 572, 577 (10th Cir. 1996) (noting that Rule 60(b) is not intended "to allow a party merely to reargue an issue previously addressed by the court when the re-argument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument").
 III Discussion A
In support of its motion, Huhtamaki contends that the Court, in granting Ferris Avenue's motion for summary judgment, committed several errors which now warrant a reconsideration of its prior Decision. Specifically, Huhtamaki asserts that the Court improperly: (1) made a factual finding as to McCarthy's status as an agent for Ferris Avenue; (2) read into the Indemnity Agreement a requirement that Huhtamaki must obtain Ferris Avenue's approval of any ELUR submitted to RIDEM;[2] and (3) overlooked factual prerequisites necessary for a finding of liability or made factual findings in the absence of supporting evidence. For its part, Ferris *Page 4 
Avenue argues that the Court did not err in granting partial summary judgment, having properly interpreted the scope of the Indemnity Agreement, and reserved the issue of damages.
Upon due consideration of the record, together with the arguments advanced by counsel at the hearing and in their memoranda, the Court is of the opinion that Huhtamaki has read this Court's prior Decision far too broadly. In its summary judgment motion papers, Huhtamaki previously argued that Ferris Avenue could only assert a claim for indemnification in connection with actions initiated against it by a third party. As a result, the Court, at that time, properly undertook the narrow task of interpreting the Indemnity Agreement and determining whether Ferris Avenue's right to indemnification was limited to third-party actions, or whether the agreement also contemplated indemnification of Ferris Avenue's own claims.[3]
Indeed, having determined as a matter of law that the Indemnity Agreement was both clear and unambiguous, the Court properly proceeded to interpret it. See Clark-Fitzpatrick,Inc./Franki Found. Co. v. Gill, 652 A.2d 440, 443 (R.I. 1994) (explaining that interpretation of a clear and unambiguous contract is a question of law); see also Lennon v.MacGregor, 423 A.2d 820, 822 (R.I. 1980) (explaining that "the construction of a clear and unambiguous contract presents an issue of law which may be resolved by summary judgment"). Huhtamaki contends that when construing the Indemnity Agreement, the Court assumed the existence of, or overlooked Ferris Avenue's failure to provide, evidence that: (1) Hazardous Materials were located on the Property before the Closing; and (2) Plaintiff incurred costs or Damages related to *Page 5 
those Hazardous Materials. The Court, however, faced with the narrow issue of Ferris Avenue's right to bring its own claims for indemnification, did not, and needed not, address these matters at that time. Rather, the Court's Decision did no more than hold, as a matter of law, that the Indemnity Agreement provided Ferris Avenue with a right to indemnification for its own claims. The Decision states:
 "[W]hile the Court acknowledges that Ferris Avenue's right to indemnification and recovery is limited, in relevant part, to `reasonably incurred' Damages, Ferris Avenue's right to assert a claim is in no way limited solely to those instances involving a third party action. . . . Consequently, in light of the clear and unambiguous nature of the Indemnity Agreement . . . the Court finds that . . . Huhtamaki is liable for Ferris Avenue's reasonably incurred costs or Damages resulting from the investigation and clean-up of Hazardous Materials discovered on the Property." Huhtamaki, Inc., No. PB 07-1995, slip op. at 14.
Therefore, the Court's Decision merely rejects Huhtamaki's argument that indemnification was limited to third-party actions, and in no way relieves Ferris Avenue of the requirements or prerequisites imposed by the Indemnity Agreement.
For that reason, Ferris Avenue must still — at a later date — establish: (1) whether hazardous substances or materials were located on the Property; (2) whether the hazardous substances or materials, if any, were on the Property prior to the Closing; (3) whether Plaintiff incurred costs or Damages as a result of the hazardous substances or materials; and (4) whether Plaintiff's costs or Damages, if any, were reasonably incurred. Additionally, Plaintiff's right to indemnification remains limited by the condition that its costs or Damages resulted from,inter alia:
 "(a) claims, actions or causes of action . . . which arise out of the handling, treatment, storage, disposal or transportation or arranging thereof, by [Huhtamaki] of any pollutant, contaminant or hazardous substance or toxic substance. . . . (d) any Release or *Page 6 
threat of a Release, actual or alleged, of any Hazardous Substances or oil upon, about or into the . . . whether or not such release or threat of a release occurs as the result of the negligence or misconduct of [Huhtamaki] or any third party or otherwise, or (e) any violation actual or alleged, of or any other liability under or in connection with any Environmental Law respecting any products or materials . . . delivered to, transported from or in transit to or from the Property . . . occur[ing] as the result of the negligence of [sic] of [Huhtamaki] or any third party or otherwise." See Def.'s Opp'n Mem. Ex. D § 2.
Consequently, despite Huhtamaki's assertions that the Court improperly overlooked or resolved several factual issues, the Court is of the opinion that the scope of its Decision did not, and does not, extend beyond an interpretation of the Indemnity Agreement and a determination as to Ferris Avenue's right to indemnification thereunder. Although Huhtamaki may not agree with its interpretation of the Indemnity Agreement, the Court was acting within its discretion when it determined that Huhtamaki was contractually liable for Ferris Avenue's own indemnification claims, regardless of whether they were the result of a third-party action.
Huhtamaki also argues that the Court erred by making a factual finding that McCarthy was not an agent of Ferris Avenue, and therefore, her communications to Huhtamaki could not be attributed to Ferris Avenue. Specifically, Huhtamaki asserts that McCarthy's agency status and the reasonableness of Huhtamaki's reliance on her statements are issues of fact not properly decided on summary judgment. While the Court admittedly granted summary judgment as to Huhtamaki's counterclaims for fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation, in so doing, the Court did not and needed not reach the issue of agency.See Huhtamaki, Inc., No. PB 07-1995, slip op. at 19 (stating that "[e]ven if McCarthy . . . could be found to have been [an agent] of Ferris Avenue, her statement is simply not an affirmative representation that Ferris Avenue agreed to an expansion of the ELUR"). *Page 7 
As previously articulated, McCarthy's statement, "that she planned to advise the buyer that it made no difference to her whether it was a small area or the whole site," merely reflected her intention to relay to Ferris Avenue her opinion as to the scope of the ELUR, and thus, was not a misrepresentation. See id. at 18-20;see also St. Paul Fire Marine Ins. Co. v. RussoBros., Inc., 641 A.2d 1297, 1300 (R.I. 1994) (explaining that as a general rule, "a misrepresentation should take the form of an expression of fact and not the offering of an opinion or estimate"). Moreover, Huhtamaki has failed to provide any evidence that Ferris Avenue or its agents, at any point, made an assertion that was either not in accordance with the facts at the time it was made, or was intended to induce Huhtamaki's reliance. SeeStebbins v. Wells, 766 A.2d 369, 372 (R.I. 2001) (explaining that a misrepresentation is any manifestation by words or other conduct by one person to another that, under the circumstances, amounts to an assertion not in accordance with the facts);see also Mallette v. Children's Friend andServ., 661 A.2d 67, 69 (R.I. 1995) (noting that a party must establish that the "representor" intended the representation to induce another to act on it). In particular, Huhtamaki has failed to proffer any evidence indicating that Ferris Avenue or its alleged agents ever represented to them that it: (1) intended to use the Property only as a warehouse; (2) would not use the Property for residential purposes; or (3) would abide by whatever restrictions were included in the ELUR approved by RIDEM.[4] SeeHuhtamaki, Inc., No. PB 07-1995, slip op. at 15-16. Accordingly, in light of the foregoing, and *Page 8 
for the reasons previously set forth in its prior Decision, the Court finds that it did not abuse its discretion by granting Ferris Avenue's Motion for Summary Judgment.
 IV Conclusion
For the foregoing reasons, the Court denies Huhtamaki's Motion for Reconsideration. Prevailing counsel may present an order consistent herewith which shall be settled after due notice to counsel of record.
[1] Capitalized terms, unless otherwise defined herein, have the meaning assigned to them in the Court's Decision.
[2] Notably, the Court in its prior Decision recognized that the obligation to "finalize the Environmental Land Use Restriction agreement" was entirely separate and apart from Huhtamaki's indemnification obligations. Therefore, completion of the ELUR would not relieve Huhtamaki from liability under the Indemnity Agreement.
[3] The January 10, 2011 hearing transcript supports both Ferris Avenue and the Court's belief that the issue of damages, and any argument and evidence related thereto, would be tabled until a future hearing.See Jan. 10, 2011 Hearing Tr. at 22:18-20, 42:14-43:18 ("[T]he Court here is simply asked to make a determination of liability, not damages. . . . [T]he amount of [d]amages and the reasonableness of our efforts is clearly up for argument going forward. But the fact that they must indemnify us for those damages is what we're asking you to rule on.").
[4] Even if the Court were to find that Plaintiff or its agents made representations as to their future use of the Property or acceptance of the ELUR, generally, these representations would not be actionable because a claim sounding in fraud must be based on a false representation of an existing fact. See Grassi v.Gomberg, 81 R.I. 302, 304-05, 102 A.2d 523, 524-25 (R.I. 1954) (affirming that a "false representation must be of an existing fact"). Only where a party establishes a promise to act in the future and a present intention not to fulfill that act or to deceive, may that party have an action for fraud. Id. Here, however, Huhtamaki has failed to proffer any evidence that Plaintiff or its agent did not intend to abide by any representations made during their negotiations or at the time of the Closing.
 *Page 1