John H. CHESTER et al.

v.

Ralph R. aRUSSO, in his capacity
as Mayor of the Town of
Johnston et al.

No. 94–0062–Appeal.

Supreme Court of Rhode Island.

Nov. 30, 1995.

Stephen C. Mackie, Albert R. Romano, Providence, for Plaintiffs.

Thomas DiLuglio, for Defendants.

## OPINION

MURRAY, Justice.

This case comes before us on an appeal by the plaintiffs, John H. Chester, Dennis R. Rotondo, and John A. Draine, from the entry of summary judgment for the defendants, Ralph R. aRusso, in his capacity as Mayor of the Town of Johnston, and Attilio Verrengia, in his capacity as Finance Director, and the Town of Johnston, in Providence County Superior Court. The plaintiffs challenge the Superior Court's denial of their motions for summary judgment and the granting of the defendants' cross-motions for summary judgment. For the following reasons, the plaintiffs' appeal is sustained, and the judgment appealed from is reversed.

This action arises out of plaintiffs' claim for disability benefits from the town of Johnston. The plaintiffs were employed as full-time police officers for the town of Johnston police department. In the late 1980s, it was determined that plaintiffs were disabled during the course of their employment. As a result, plaintiffs ceased their employment with the town of Johnston. Since their departure from the police department, the town of Johnston has been paying each plaintiff a pension based on 50 percent of his final annual salaried compensation.

On June 28, 1991, each plaintiff filed a separate complaint against defendants in Superior Court. Their complaints alleged similar facts and raised identical issues of law. Specifically, plaintiffs alleged that their labor union, the International Brotherhood of Police Officers (IBPO), Local No. 307, and the town of Johnston entered into a collective-bargaining agreement (the agreement) which provides that "[a]ll members of the police department who are injured or contact illness in the line of duty shall receive benefits in conformity with the General Laws of the State of Rhode Island (45–19–1) as amended." General Laws 1956 (1991 Reenactment) § 45–19–1(a) states, in relevant part, that "[w]henever any police officer * * * of any town * * * shall be wholly or partially incapacitated by reason of injuries received or sickness contracted in the performance of his or her duties * * * the respective * * * town * * * shall * * * pay the police officer * * * the salary or wage and benefits to which the police officer * * * would be entitled had he or she not been so incapacitated * * *." Since the collective-bargaining agreement between the town of Johnston and the IBPO was in effect at all times relevant to plaintiffs' actions, plaintiffs argue that their pensions should be based on 100 percent of their previous salaries in accordance with § 45–19–1(a).

In response, defendants argue that P.L. 1958, ch. 63, as amended by P.L.1972, ch. 272, dictates the amount of plaintiffs' disability benefits. Public Laws 1972, ch. 272, is a special legislation enacted by the General Assembly for the town of Johnston. It provides, inter alia, that a police officer, having served between ten and fifteen years for the town of Johnston, is entitled to 30 percent of his or her final annual salaried compensation upon retirement for disability. Because it is undisputed that plaintiffs were employed in the town of Johnston police department for more than ten years but fewer than fifteen years, defendants argue that plaintiffs' pensions should be based on 30 percent, and not 100 percent, of plaintiffs' final annual salaried compensation.

On June 8, 1993, each plaintiff filed a motion for summary judgment; defendants thereafter filed cross-motions for summary judgment. For the purposes of the hearing held on November 23, 1993, plaintiffs' actions were consolidated. At the hearing the Superior Court judge considered the parties' motions for summary judgment and determined that P.L.1972, ch. 272, prevailed over the collective-bargaining agreement between the IBPO and the town of Johnston. It held that P.L.1972, ch. 272, is a "specific legislative act

* * * [that] prevails over the general statute [§ 45–19–1] and even the language of the contract [namely, the collective-bargaining agreement] that makes reference to the general statute." The trial justice therefore granted defendants' cross-motions for summary judgment and denied plaintiffs' motions for summary judgment.

On appeal, plaintiffs challenge the trial court's granting of defendants' motions for summary judgment. They claim that the Superior Court judge erred in making the ruling that P.L.1972, ch. 272, prevails over the terms of the collective-bargaining agreement and, therefore, governs the amount of their pension benefits.

■ When reviewing the granting or the denial of a motion for summary judgment, this Court applies the same analysis that the motion justice applied. *See E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance Co.,* 635 A.2d 1181 (R.I.1994). Rule 56(c) of the Superior Court Rules of Civil Procedure provides that following a hearing on a motion for summary judgment, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law." Our review includes examining the pleadings and the affidavits in a light most favorable to the party opposing the motion. *E.W. Audet & Sons, Inc.,* 635 A.2d at 1185. We shall uphold the Superior Court's order granting summary judgment "[o]nly when our review reveals no issues of material fact, and the moving party is entitled to judgment as a matter of law * * *." *Barratt v. Burlingham,* 492 A.2d 1219, 1220 (R.I.1985).

■ Our review of the record reveals no genuine issue of material fact. The only issue to be determined on appeal is whether plaintiffs' disability-benefit payments are governed by the specific legislative act, namely P.L.1972, ch. 272, or by the collective-bargaining agreement between the IBPO and the town of Johnston.

■ We have previously stated that, in general, provisions of a special legislation prevail over those of general legislation. *Trembley v. City of Central Falls,* 480 A.2d 1359, 1362 (R.I.1984); *Central Falls Firefighters, Local No. 1485 v. Central Falls,* 465 A.2d 770, 775 (R.I.1983). However, where, as here, there exists a valid and an enforceable collective-bargaining agreement whose terms provide greater disability benefits than is afforded by the special legislation but are in accordance with the provisions of the general legislation, we hold that the collective-bargaining agreement prevails. *See Central Falls Firefighters, Local No. 1485,* 465 A.2d at 775 (although we were not directly confronted with the issue of whether a person, disabled while a collective-bargaining agreement was in effect, may receive full pay pursuant to the agreement, we did hold that the city must provide disability payments pursuant to its special legislation in circumstances in which the city was not under any contractual obligation to pay otherwise).

■ At the outset it should be noted that the town of Johnston and the IBPO entered into a collective-bargaining agreement pursuant to the Policemen's Arbitration Act (the Act), G.L.1956 (1986 Reenactment) chapter 9.2, title 28. Section 28–9.2–4 provides police officers the right to "bargain collectively with their respective cities or towns and to be represented by an organization in such collective bargaining as to wages, rates of pay, hours, working conditions and all other terms and conditions of employment." *See Warwick School Committee v. Warwick Teachers' Union,* 613 A.2d 1273, 1275 (R.I.1992) ("[u]nder the law of the State of Rhode Island, public employees may engage in collective bargaining"). Here, it is undisputed that the town of Johnston and the IBPO may bargain collectively on matters concerning disability benefits. It is also uncontested that a collective-bargaining agreement exists between the town of Johnston and the IBPO and that the agreement provides, inter alia, disability benefits to police officers who have been injured in the course of their employment. It follows, therefore, that the town of Johnston and the IBPO entered into a valid and mutually agreed-upon collective bargaining agreement and that both parties are bound by that

agreement. *Smith v. Boyd*, 553 A.2d 131, 133 (R.I.1989) ("[t]o form a valid contract, each party * * * must have the intent to promise or be bound"); *J. Koury Steel Erectors, Inc. v. San–Vel Concrete Corp.*, 120 R.I. 360, 365, 387 A.2d 694, 697 (1978) (an express contract exists when the parties mutually agreed upon the contract and intended to enter into the contract).

 Even though the town of Johnston is clearly bound by its agreement with the IBPO, defendants nevertheless argue that plaintiffs' disability benefits are governed by P.L.1972, ch. 272. Specifically, defendants argue that because P.L.1972, ch. 272, uses the word "shall" with respect to disability-benefit payments, the provisions of P.L.1972, ch. 272, should be regarded as mandatory. The defendants' argument, however, is erroneous. "[I]n construing a statute, our task is to effectuate the intent of the legislature." *Rhode Island State Labor Relations Board v. Valley Falls Fire District*, 505 A.2d 1170, 1171 (R.I.1986) (citing *Howard Union of Teachers v. State*, 478 A.2d 563 (R.I.1984)). We determine such intent from an examination of " 'the language, nature and object of the statute.' " *D'Ambra v. North Providence School Committee*, 601 A.2d 1370, 1374 (R.I. 1992). "Absent a contrary intent the words in the statute must be given their plain and ordinary meaning. * * * Furthermore, in construing the statute, we must adopt a construction that does not effect an absurd result." *Id.*

 Here, P.L.1972, ch. 272, § 2, states that "[u]pon retirement for disability an officer * * * *shall be entitled* to receive annual retirement allowance, *payable as nearly as practicable in the manner*" as set forth in the special act. (Emphasis added.) Public Laws 1972, ch. 272, § 2, read in its entirety and in its proper context, requires only that the Johnston police officers be *entitled to* disability benefits in the amount set forth in the statute. A police officer who is *entitled to* disability benefits is one who has a right to or a legal title to such benefits. Black's Law Dictionary 532 (6th ed. 1990). Public Laws 1972, ch. 272, given its plain and ordinary meaning, provides a minimum level of disability benefits to the police officers. It does not mandate that police officers employed with the town of Johnston are only entitled to a maximum amount of disability benefits, nor does it prohibit parties from contracting for benefits above the minimum level. Accordingly, in the present case the terms of the collective-bargaining agreement do not contradict the legislative intent of P.L.1972, ch. 272; the IBPO and the town of Johnston properly entered into an agreement whose terms provide greater disability benefits to the town of Johnston police officers.

The defendants, however, argue that Rhode Island prohibits statutes created for the public good from being varied by private contract. In support of their argument, defendants rely upon *Berthiaume v. School Committee of Woonsocket*, 121 R.I. 243, 397 A.2d 889 (1979), and *D'Ambra, supra.* The defendants' reliance on those cases, however, is misplaced. Unlike plaintiffs in the instant action, the plaintiffs in *Berthiaume, supra,* and *D'Ambra, supra,* contracted for fewer benefits than are required by the applicable statute. In *Berthiaume*, the plaintiffs were substitute teachers who were paid less than the minimum wage as set forth in G.L.1956 § 16–7–29. In *D'Ambra*, the defendants argued that the plaintiff, whose acceptance of a per diem rate of pay, waived her right to compensation afforded to full-time teachers under § 16–7–29. 601 A.2d at 1372. We stated in those cases that when a statute creates a private right for the public good, the donee of that private right lacks the power either to waive that right or to nullify it by private contract. *D'Ambra*, 601 A.2d at 1372; *Berthiaume*, 121 R.I. at 250, 397 A.2d at 894. We therefore found that the plaintiffs in those cases could not waive or contract for less than what is provided by the applicable statutes and were thus entitled to the benefits provided by § 16–7–29. *D'Ambra*, 601 A.2d at 1375; *Berthiaume*, 121 R.I. at 251, 397 A.2d at 894. We did not, however, prohibit parties from entering into a legally enforceable contract that provides greater benefits than are set out in the relevant statute.

On the basis of the foregoing discussion, there is clearly no statutory or common-law inhibition against the town of Johnston's and

the IBPO's utilizing the collective-bargaining procedure and determining that the town of Johnston police officers are entitled to greater disability benefits than are provided by P.L.1972, ch. 272. The collective-bargaining agreement in the instant case therefore prevails over P.L.1972, ch. 272, and dictates the amount of the plaintiffs' disability benefits.

We are persuaded from the record that the plaintiffs' appeal has merit. Therefore, the plaintiffs' appeal is sustained, the judgment appealed from is reversed, and the papers of the case are remanded to the Superior Court for further proceedings.