Patricia V. JACKSON

v.

MEDICAL COACHES et al.

No. 98–171–Appeal.

Supreme Court of Rhode Island.

July 12, 1999.

Adam C. Robitaille, Merrill J. Friedemann, Dennis E. Carley, Providence, Aram R. Schefrin, for Plaintiff.

J. Scott Kilpatrick, David Edward Maglio, III, Providence, for defendant, Mobile Medical Support.

Mark O. Denehy, Providence, for defendant, Medical Coaches, Alais et al.

Thomas C. Angelone, Providence, for defendant, Mahor Door Services.

Anne T. Turilli, James R. Oswald, Providence, for defendant, Siemens Medical Services.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendants, Medical Coaches and Siemans Medical Systems, Inc. (Siemans), appeal from a Superior Court judgment that entered following an order granting the motion of the plaintiff, Patricia V. Jackson, to vacate previous final judgments dismissing the plaintiff's claims against both defendants. This new judgment provides that her complaint "is now dismissed without prejudice," thereby amending the earlier judgments that had dismissed her complaint "with prejudice." We ordered the parties to show cause why we should not decide this appeal summarily. No such cause having been shown, we proceed to resolve the appeal at this time.

### Facts and Travel

In 1996, plaintiff filed a complaint against the aforementioned defendants and others, alleging product liability, negligence, strict liability, and breach of warranty. The plaintiff, a magnetic-resonance-imaging technologist, injured herself when a hand crank hit her head as she was attempting to open a roll-up door in order to retrieve a stretcher from a mobile-medical trailer. Medical Coaches filed a motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(5) and 41(b)(2) of the Superior Court Rules of Civil Procedure, alleging that plaintiff had failed to serve it with process until more than four months after she had filed the complaint. Thereafter, Siemans also filed a motion to dismiss, arguing that it too had not been served by plaintiff until November 4, 1996, over four months after plaintiff filed her complaint, and that this delay in effecting service was unreasonable and inexcusable. After a hearing, a Superior Court justice granted defendants' motions and dismissed plaintiff's complaint with prejudice. Final judgments entered as to Medical Coaches and Siemans pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The plaintiff filed no appeal from either judgment.

Thereafter, on May 1, 1997, plaintiff filed a second action against defendants which was identical to the first complaint. The defendants, in response, moved for summary judgment, arguing that the statute of limitations and res judicata barred plaintiff's claims. The court granted these motions on October 23, 1997, but stayed the entry of final judgment for a period of thirty days to allow plaintiff to file a motion to vacate the prior "with prejudice" judgments that had entered with respect to the first complaint. The plaintiff filed a motion to vacate on December 10, 1997. As noted by defendants, however, plaintiff filed the motion well beyond the thirty-day stay provided for in the court's order. In addition, she mistakenly filed the motion in the second action rather than in the earlier 1996 case. Nonetheless, plaintiff had filed a timely memorandum of law on November 21, 1997, in support of her motion to vacate. Thus, the Superior Court heard and subsequently granted the motion, entering an order on February 16, 1998, stating that the first complaint "is now

dismissed without prejudice." The defendants filed a timely notice of appeal.

## Analysis

■■■ The first issue we face concerns the propriety of this appeal. Generally, an order vacating a default judgment is interlocutory and therefore not appealable. *See Hunter v. Malhotra,* 695 A.2d 1004, 1005 (R.I.1997); *Giarrusso v. Corrigan,* 108 R.I. 471, 472, 276 A.2d 750, 750 (1971). Although the original judgments in this case were not default judgments, but rather judgments that entered following the grant of a motion to dismiss for untimely service of process, we discern no grounds in this context for differentiating between the vacation of a default judgment and the vacation of a final judgment on the merits.[1] However, in this case, the court did not simply grant a motion to vacate a final judgment and then reopen proceedings in a pending action; rather, it entered a new, final judgment, albeit one that was without prejudice to plaintiff's commencement of a new action restating the same claims. Such a judgment is final and appealable because it leaves nothing further to be done in that particular dismissed lawsuit. *See, e.g., Almeida v. Plasters' and Cement Masons' Local 40 Pension Fund,* 722 A.2d 257, 258 n. 1 (R.I.1998) (holding that a judgment dismissing the plaintiff's complaint without prejudice for failure to exhaust administrative remedies was final for purposes of allowing an appeal by the defendant); *see also, e.g., Town of Coventry v. Hickory Ridge Campground, Inc.,* 111 R.I. 716, 725, 306 A.2d 824, 829 (1973) (recognizing that this Court, in some instances, has considered an order of dismissal without prejudice as a final judgment for purposes of appeal). Therefore, we are of the opinion that the court's entry of this new judgment—albeit one that was without prejudice—possessed the requisite finality to permit defendants to appeal.

■■■ Passing to the merits of this appeal, we conclude, for the reasons that follow, that the motion justice should not have granted the motion to vacate nor should he have amended the original judgments to change the "with prejudice" language to "without prejudice." Initially, defendants[2] take issue with the fact that plaintiff had filed a motion to vacate pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure.[3] The defendants

1. In making no distinction for appealability purposes between an order vacating a default judgment and an order vacating any other type of judgment, we follow the predominant federal practice, which we deem to be sound. *See* 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2871 at 421–27 (1995); *see, e.g., Stubblefield v. Windsor Capital Group,* 74 F.3d 990 (10th Cir. 1996) (holding that the court of appeals lacked jurisdiction to review the district court's order vacating its prior judgment pursuant to a Fed.R.Civ.P. 68 settlement agreement because such an order lacked the requisite elements of finality); *see also, e.g.,* 1 Kent, *R.I. Civ. Prac.* § 60.10 at 457 (1969) ("In the federal courts the granting of a motion to vacate judgment is treated as interlocutory, and unless an interlocutory appeal is permitted under Title 28 U.S.C.A. § 1292(b), review must await the rendition of a new judgment.").

2. Siemans adopted the arguments set forth by Medical Coaches in its Supreme Court Rule 12A prebriefing statement. However, defendants have filed separate supplemental statements. For purposes of this opinion, we shall refer to the arguments of defendants jointly, unless otherwise noted.

3. Rule 60(b) of the Superior Court Rules of Civil Procedure provides as follows:

"*Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

contend that the mere fact that the motion justice may have erred in dismissing the first case with prejudice did not constitute the type of "mistake" that would warrant relief under Rule 60(b), and therefore, the motion justice should have denied plaintiff's motion to vacate. Rather, defendants argue, plaintiff either should have appealed to this Court from the original judgments' dismissal with prejudice of the first complaint, or she should have sought a modification thereof within the ten-day post-judgment periods set forth in Rule 52(b) or Rule 59(e) of the Superior Court Rules of Civil Procedure. Medical Coaches also argues that plaintiff failed to provide any cognizable reasons for granting the relief requested under Rule 60(b). Siemans further suggests that the motion justice had no authority to vacate the judgments on the basis that they were premised upon an alleged error of law—to wit, that the motion justice erroneously entered the judgments with prejudice against plaintiff for her failure to effect timely service of process upon defendants—notwithstanding the provisions of Rule 4(*l* ) of the Superior Court Rules of Civil Procedure that such a judgment should be without prejudice. This defendant also contends that the original judgments were not void because the Superior Court had both personal and subject-matter jurisdiction over the parties. For the reasons that follow, we agree with defendants' arguments.

Rule 60(b)(1) permits relief from the operation of a judgment due to mistake, inadvertence, surprise, or excusable neglect. In addition, Rule 60(b)(6) provides for relief from judgment for "any other reason justifying relief." However, this

Court has held that Rule 60(b)(6) "is not intended to constitute a catchall," *Bendix Corp. v. Norberg*, 122 R.I. 155, 158, 404 A.2d 505, 506 (1979), and "that the circumstances must be extraordinary to justify relief.' " *Id.* (quoting 1 Kent, *R.I. Civ. Prac.* § 60.08 at 456 (1969)). In this case, neither one of these Rule 60(b) subsections were available to plaintiff.

■ At the hearing on her motion to vacate the original judgments, plaintiff argued that Rules 4(*l* ) and 41(b)(2) of the Superior Court Rules of Civil Procedure were in conflict with one another. In *Bendix Corp.*, we stated that "courts have refused to grant relief under Rule 60(b) when a party or his counsel, after trial, discovers applicable law that he did not perceive or raise at trial." 122 R.I. at 158–59, 404 A.2d at 507. *Accord Brown v. Amaral*, 460 A.2d 7, 11 (R.I.1983). Based upon *Bendix Corp.* and *Brown*, we hold that the motion justice should not have allowed plaintiff to obtain relief from the judgments under Rule 60(b) on the grounds that the court mistakenly included the "with prejudice" language in the original orders and judgments dismissing plaintiff's first complaint. Here, plaintiff belatedly discovered applicable law (Rule 4(*l* )) that she did not perceive or raise when the original judgments were presented to the court for entry. Rule 60(b) does not constitute a vehicle for the motion justice to reconsider the previous judgments in light of later-discovered legal authority that could have and should have been presented to the court before the original judgments entered. *Brown*, 460 A.2d at 11; *Bendix Corp.*, 122 R.I. at 158–59, 404 A.2d at 506–07.

should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the

power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

In response to plaintiff's motion to vacate, the motion justice ruled that he was vacating the original judgments pursuant to Rule 60(b)(4), which provides for relief from a judgment which is void. The motion justice reasoned that he had erred in ordering the dismissal of plaintiff's complaint with prejudice since Rule 4(*l*) clearly states that the action shall be dismissed without prejudice. He stated: "It seems to me if the Rule says dismissed without prejudice, my Order was void. It doesn't make any sense." However, "[a] judgment is not void merely because it is erroneous." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2862 at 326 (1995). Thus, the motion justice's original error of law in dismissing the first action with prejudice did not justify vacating this matter pursuant to Rule 60(b)(4). The judgments were not void, nor were they otherwise voidable because they erroneously included the "with prejudice" language. Although the court could have corrected the "with prejudice" error in the judgments within ten days of their respective entries (for example, in response to a timely Rule 59 motion), a party cannot let the applicable deadlines for amending or appealing from a judgment lapse and then use a Rule 60(b) motion to attack an otherwise final judgment as a "mistake" because he or she failed to discover and present to the court in a timely fashion applicable authority indicating that the original judgment contained one or more provisions that arguably are contrary to law.

The defendants also contend on appeal that the motion justice erred on the merits in vacating the judgments. According to defendants, the court properly dismissed plaintiff's complaint with prejudice pursuant to Rule 41(b)(2) "because there was an unreasonable and unjustified delay in effecting service." [4] At the motion hearing, plaintiff argued that Rule 4(*l*) [5] was in conflict with Rule 41(b)(2). It is plaintiff's contention that pursuant to Rule 4(*l*), a dismissal for untimely service of process should be without prejudice, and therefore, the court should have afforded her the opportunity to refile her complaint within one year under G.L.1956 § 9-1-22 (the "Savings Statute") [6] if the statute of limitations had run. She argued that the application of Rule 41(b)(2) would deprive her of this remedy pursuant to Rule 4(*l*). As a general proposition, we agree with plaintiff's analysis that Rule 4(*l*) trumps Rule

4. Rule 41(b)(2) of the Superior Court Rules of Civil Procedure, providing for the involuntary dismissal of actions upon the motion of the defendant, states:

   "On motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court or for lack of prosecution as provided in paragraph (1) of this subdivision."

   Rule 41(b)(3) sets forth the effect of such a dismissal as follows:

   "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an *adjudication on the merits.*" (Emphasis added.)

5. In 1995, Rule 4 of the Superior Court Rules of Civil Procedure was amended, effective September 5, 1995, to add subsection (*l*), which states:

   "If a service of the summons and complaint is not made upon a defendant within 120 days after the commencement of the action and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, *the action shall be dismissed as to that defendant without prejudice* upon the court's own initiative with notice to such party or upon motion." (Emphasis added.)

6. General Laws 1956 § 9-1-22, "Extension of time after termination of action," provides:

   "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or if he or she dies and the claim survives, his or her executor or administrator, may commence a new action upon the same claim within one year after the termination."

41(b)(2) with regard to the former rule's mandate that a dismissal for untimely service of process should be without prejudice unless the offending party can establish good cause for such a failure to effectuate timely service of process. Thus, pursuant to Rule 4(*l*), and consistent with its federal counterpart, Rule 4(m) of the Federal Rules of Civil Procedure, the court must dismiss a complaint without prejudice if a plaintiff has failed to effectuate service in a timely manner upon a defendant and has failed to show good cause for the delay.[7] Because this rule specifically applied to the situation presented by the case at bar, the more general Rule 41 was not applicable when, as here, a more specific provision governed the precise factual situation in question.

■■■■ However, in reviewing the plaintiff's motion to vacate, the motion justice indicated that based upon Rule 4(*l*) and the facts presented, he had no discretion except to revise his earlier rulings, amend the judgments to delete the "with prejudice" language, and enter a new judgment dismissing the plaintiff's complaint without prejudice. The motion justice clearly believed, upon reflection, that based upon the facts presented in this case, the lesser sanction under Rule 4(*l*)—dismissal without prejudice—was the proper remedy that he should have applied originally. Although the motion justice correctly recognized that he had erred in entering the original judgments with prejudice, he nonetheless erred again in amending these final judgments to delete such language because he lacked the power under Rule 60(b) to correct this error of law. After the plaintiff failed to move to amend the judgments under Rule 52(b) or Rule 59(e) within ten days after their respective entries, the court should not have allowed the plaintiff to invoke Rule 60(b) to correct judicial errors pertaining to the legal effect of the judgments that were not purely mechanical or clerical in nature, thereby allowing the plaintiff to circumvent the time limits for filing an appeal. *See Zannini v. Downing Corp.*, 701 A.2d 1016 (R.I. 1997); *Town of Hopkinton v. Keiser*, 122 R.I. 524, 409 A.2d 1220 (1980). "Rule 60 was never intended to serve as a device whereby a disappointed litigant could circumvent the time limits governing the taking of an appeal." *Title Investment Co. of America v. Fowler*, 504 A.2d 1010, 1012 (R.I.1986). Entering a judgment with prejudice instead of without prejudice is more than a mere clerical or mechanical error that the court can correct at any time under Rule 60(a). Moreover, a mistake of law is not the kind of "mistake" that is included within the coverage of that term as it is used in Rule 60(b)(1). *See* 1 Kent, § 60.3 at 452 ("[J]udicial error of the trial judge, as contrasted with mechanical error, cannot be corrected under this rule, for it would constitute use of the rule as a substitute for an appeal or for a motion for a new trial.").[8]

---

7. As set forth in the Committee Notes following Rule 4, the addition of subdivision (*l*) in 1995 was based upon Rule 4(m) of the Federal Rules of Civil Procedure, which states in pertinent part:

"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

8. As stated, consistent with this Court's previous jurisprudence, a motion justice cannot correct a prior error of law pursuant to a Rule 60(b) motion after allowing the respective deadlines for amending and appealing a judgment to pass, as mistakes cognizable under Rule 60(b) do not include such errors of law. We also note that such an interpretation is consonant with that of the vast majority of federal courts that have considered this same issue under Rule 60 of the Federal Rules of Civil Procedure (upon which our analogue rule is based). *See, e.g., Spinar v. South Dakota Board of Regents*, 796 F.2d 1060, 1062 (8th Cir.1986) (holding that a district court judge may not, on a Rule 60(b) motion, reconsider and/or correct a prior finding of law that

## Conclusion

Based upon the foregoing, we sustain the defendants' appeal, vacate the "without prejudice" judgment and the order granting the plaintiff's motion to vacate, and remand the case to the Superior Court for entry of: (1) an order denying the plaintiff's motion to vacate in the first action; (2) final judgments dismissing the plaintiff's claims "with prejudice" in both actions; and (3) such further relief as may be necessary consistent with this opinion.

caused dismissal of an action because such a finding, if erroneous, does not represent the type of mistake contemplated by Rule 60(b)) ("In other words, the motion asserts that the District Court made a legal error. So construed, the motion does not set forth a ground for relief cognizable under Rule 60(b)."); *McKnight v. United States Steel Corp.*, 726 F.2d 333, 338 (7th Cir.1984) (same) ("Rule 60(b) is not intended to correct errors of law made by the district court in the underlying decision which resulted in a final judgment."); *United States v. Williams*, 674 F.2d 310, 312–13 (4th Cir.1982) (same) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue. * * * Where the motion is nothing more than a request that the district court change its mind, * * * it is not authorized by Rule 60(b)."); *Silk v. Sandoval*, 435 F.2d 1266 (1st Cir.), *cert. denied*, 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971) (same); *see also, e.g., Morris v. Adams–Millis Corp.*, 758 F.2d 1352 (10th Cir.1985) (prohibiting the use of a Rule 60(b) motion for reconsideration of a legal error after the time for an appeal has passed); *International Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978) (same); *cf. Parks v. United States Life & Credit Corp.*, 677 F.2d 838 (11th Cir.1982) (same, with the exception that the court may consider a Rule 60(b) motion after the time for an appeal has passed if an appeal has actually been filed during this intervening time period). *But see, e.g., Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir.1993) (holding that a district court's erroneous reading of the law constitutes a mistake sufficient to reconsider the previous order pursuant to a Rule 60(b) motion); *but see also, e.g., Alvestad v. Monsanto Co.*, 671 F.2d 908, 912 (5th Cir.1982) (allowing reconsideration of a previous legal error under Rule 60(b) "only [in] situations in which the 'mistake was clear on the record, and involved a plain misconstruction of the statute on which the action was grounded'"); *D.C. Federation of Civic Associations v. Volpe*, 520 F.2d 451, 453 (D.C.Cir.1975) (permitting relief from a district court's previous legal error only when a subsequent appellate-court decision changes the law upon which the district court based its judgment and the time for appeal has not passed).