Maria LINDIA

v.

Awilda NOBLES et al.

No. 99–268–Appeal.

Supreme Court of Rhode Island.

Nov. 1, 2000.

Joseph P. Casale, Riverside, for Plaintiff.

James D'Ambra, Mark P. Dolan, Providence, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

### PER CURIAM.

This case came before the Court for oral argument on September 27, 2000, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

On November 22, 1994, an automobile accident occurred in Providence, Rhode Island. On that date, Awilda Nobles (defendant Nobles) was operating an automobile owned by Sherer's Car Rental (defendant Sherer's). National Car Rental Licensing (defendant National) was the franchisor of the business operated by defendant Sherer's. The plaintiff, Maria Lindia (plaintiff), was operating the other automobile involved in the accident.

On October 8, 1997, plaintiff filed a complaint against defendants. However, plaintiff did not effectuate service of process on defendant National until May 7, 1998. Similarly, plaintiff did not effectuate service of process on defendant Sherer's until May 21, 1998. To date, plaintiff has not effectuated service of process on defendant Nobles.

Both defendant National and defendant Sherer's filed a motion to dismiss plaintiff's case pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure. The defendants argued that plaintiff had not effectuated service of process on them until approximately seven months after filing of the complaint, that this was an unreasonable delay, and that there was no "good cause" for the delay in serving them with process. As a result, defendants argued that plaintiff's case should be dismissed with prejudice pursuant to Rule 41(b)(2). The plaintiff, on the other hand, argued that the action should be dismissed without prejudice pursuant to Rule 4(l). She argued that Rule 4(l), not Rule 41(b)(2), specifically applies when a motion to dismiss had been filed based upon a failure to serve a complaint within 120 days. Rather, pursuant to Rule 4(l), unless "good cause" for the delay was shown, a dismissal without prejudice was the appropriate remedy. The plaintiff argued that the facts of her case warranted a finding of "good cause" for the delay in service. Alternatively, plaintiff argued that, even if the court failed to find "good cause" for the delay in service, then a dismissal without prejudice under Rule 4(l) was warranted. The motion justice found that plaintiff had not shown good cause why service had not been effectuated within 120 days and dismissed the complaint with prejudice, pursuant to Rule 41(b)(2). The plaintiff then filed a motion to reconsider, which was heard before the same motion justice. The motion justice refused to reverse her prior ruling. The plaintiff appealed. On appeal, plaintiff argues that the motion justice erred by applying Rule 41(b)(2) and dismissing the case *with* prejudice, rather than applying Rule 4(l) and dismissing the case *without* prejudice.

▮ It is well established that "[t]his [C]ourt will not disturb [the] factual findings of a justice of the Superior Court unless they are clearly erroneous or unless material evidence has been overlooked or misconceived." *Curtis v. Diversified*

*Chemicals and Propellants Co.*, 440 A.2d 747, 749 (R.I.1982) (citing *Walton v. Baird*, 433 A.2d 963, 965 (R.I.1981)). Rule 4 sets forth the requirement that process be served and delineates the manner in which service must be accomplished. Specifically, Rule 4(l) provides:

> "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the commencement of the action and the party on whose behalf such service was required *cannot* show *good cause* why such service was not made within that period, the action shall be dismissed as to that defendant *without* prejudice upon the court's own initiative with notice to such party or upon motion." (Emphases added.)

However, Rule 41(b)(2) provides that:

> "[o]n motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court or for lack of prosecution * * *."

Thus, a dismissal under Rule 41(b)(2), unlike a dismissal under Rule 4(l), "operates as an adjudication upon the merits," Rule 41(b)(3), namely, a dismissal *with* prejudice.

▮ "[I]n general, provisions of a special legislat[ive act] prevail over those of general legislation." *Chester v. aRusso*, 667 A.2d 519, 521 (R.I.1995) (citing *Trembley v. City of Central Falls*, 480 A.2d 1359, 1362 (R.I.1984); *Central Falls Firefighters, Local No. 1485 v. Central Falls*, 465 A.2d 770, 775 (R.I.1983)). An identical principle would apply in the case of a special rule as opposed to a general rule. In *Jackson v. Medical Coaches*, 734 A.2d 502, 506–07 (R.I.1999), this Court held that "Rule 4(l) [governing dismissal of actions based on service of process] trump[ed] Rule 41(b)(2) [governing dismissal of actions generally] with regard to the former rule's mandate that a dismissal for untimely service of process should be *without prejudice* unless the offending party [could] establish good cause for such a failure to effectuate timely service of pro-

cess." (Emphasis added.) Where, as here, Rule 4(*l*) specifically applies to a case before this Court, the more general Rule 41(b)(2) is not applicable. *See Jackson,* 734 A.2d at 507 ("the more general Rule 41 was not applicable when * * * a more specific provision [Rule 4(*l*) ] governed the precise factual situation in question"). Thus, plaintiff's case should have been dismissed without prejudice pursuant to Rule 4(*l*).

For the reasons stated, the plaintiff's appeal is sustained, the judgment of the Superior Court is vacated, and the papers in the case are remanded to the Superior Court for entry of a judgment of dismissal without prejudice.