DECISION ON MOTION FOR RECONSIDERATION OF ATTORNEY'S FEES
The Defendants,[1] Johnson Wales University (JW) and Agostini Construction Company, Inc. (ACC), move for reconsideration of the Court's January 17, 2002 Decision, which awarded attorney's fees in the amount of $12,383 in favor of Plaintiff Keystone Elevator Company, Inc. (Keystone or Plaintiff) under the mechanic's lien statute. In this motion, the Defendants argue that the Court's determination of the "prevailing party" was incorrect and that the award of attorney's fees, which exceeded the total amount of the judgment, constituted an abuse of discretion. The Defendants also claim procedural surprise, as they maintain that the award of attorney's fees within the Decision precluded the Defendants' anticipated opportunity both to seek their own award of attorney's fees and to challenge the Plaintiff's request and affidavit. The Plaintiff objects to the Defendants' motion and seeks attorney's fees incurred in objecting to the within motion.
This case arises out of a contract dispute between Keystone, as subcontractor, and ACC, as general contractor, regarding the construction of a new dormitory at JW. ACC initiated the litigation in this matter when it filed suit against Keystone on January 25, 2000. (C.A. No. 00-406). In its complaint, ACC claimed that Keystone breached its subcontract by failing to complete the installation of elevators in the new JW dormitory in a timely fashion, failing to complete the installation in accordance with project specifications, failing to pay its vendors, failing to provide releases and waivers of lien forms from all vendors, failing to attend subcontractor coordination meetings, and by failing to repair warranty items. Further, ACC asserted that Keystone "negligently failed to comply with its subcontract agreement to provide timely and workmanlike performance." ACC sought recovery under general contract principles, warranty, and restitution for direct payments it made to Keystone's suppliers.
Plaintiff Keystone filed its suit against ACC and JW on February 11, 2000. (P.M. No. 00-767). Keystone sought $45,089.25, which amount it claimed as outstanding pursuant to a series of separate agreements that it entered into with ACC for overtime expenses and unpaid invoices on the elevator installation project, plus pre-judgment interest and attorney's fees. Keystone also petitioned the Court for enforcement of a mechanic's lien against the subject property. On June 12, 2001, the Defendants filed a motion to dismiss the mechanic's lien. The Court, Procaccini, J., denied this motion on August 31, 2001 finding that no lis pendens needed to be filed under the circumstances of this case. (Keystone's Memorandum at 4.) However, the Court granted Defendants' Motion to Consolidate ACC's and Keystone's proceedings at that time. After the Defendants substituted a bond sufficient to satisfy Keystone's claim, Keystone agreed to release the lien against the property.
This Court held a nonjury trial over three days in early October 2001. At the beginning of the trial, the Defendants again renewed their motion to dismiss Keystone's mechanic's lien against the property for failure to file a notice of lis pendens with the Recorder of Deeds for the City of Providence as required by statute, which was the same issue previously argued before Judge Procaccini. This Court reserved judgment. At the close of all of the evidence, the Defendants renewed their motion for a judgment as a matter of law in regard to the mechanic's lien. Pursuant to instructions from this Court, in lieu of closing arguments, both parties submitted post-trial memoranda addressing both the merits of the case, as well as Defendants' renewed motion.
As part of Keystone's memorandum, Keystone again reiterated its request for costs and fees and provided a supporting legal argument. Keystone also attached an affidavit from Patrick J. Quinlan, a Rhode Island attorney, in support of Keystone's requested fees. In its memorandum, the Defendants made no new arguments to challenge Judge Procaccini's ruling regarding the validity of Keystone's mechanic's lien and failed to object, either by legal argument or by affidavit, to Keystone's request for fees.
In its January 17, 2002 Decision, this Court denied the Defendants' renewed motion to dismiss Keystone's mechanic's lien action and granted Keystone's Petition to Enforce in the amount of $33,455. Because of its success in enforcing the mechanic's lien, Keystone was labeled the "prevailing party" for purposes of R.I. Gen. Laws § 34-28-19, the applicable attorney's fees provision in the Mechanic's Lien Chapter. This Court awarded Keystone attorney's fees in the amount of $12,383 pursuant to that statute. From the mechanic's lien award, this Court allowed ACC an $8,000 setoff for money that it had already paid to Keystone. On ACC's separate action, consolidated for the purposes of trial, this Court treated ACC's pleadings as a prayer for unjust enrichment and awarded ACC a $13,750 judgment against Keystone for a direct payment that ACC had made to one of Keystone's suppliers. For the convenience of the parties, this Court aggregated the totals from each of the respective actions and reduced the judgment to a single outstanding balance of $11,705 that the Defendants owed to Keystone. The Defendants now seek reconsideration of the award of attorney's fees to Keystone pursuant to the mechanic's lien statute.
 Motions to Reconsider
The Rhode Island Rules of Civil Procedure, like the Federal Rules of Civil Procedure, generally do not recognize or provide for a motion for reconsideration. See generally, Hatfield v. Bd. of Cty. Com'rs for Converse Cty., 52 F.3d 858 (10th Cir. 1995) (citations omitted). However, our Supreme Court, in noting its governance by the "liberal rules" of civil procedure, has "look[ed] to substance not labels." Sarni v. Melocarro, 113 R.I. 630, 636, 324 A.2d 648, 651-2 (1974). Consequently, "[a] motion can be construed as made under Rule 60(b) even if it is styled as a `Motion to Reconsider. . . .'" James Wm. Moore et. al., Moore's Federal Practice 1997 Rules Pamphlet 60.2 [9] (1996). Therefore, the Defendants' motion can be construed as a motion to vacate under Rule 60(b).
A motion for relief from a judgment under Rule 60(b) of Superior Court Rules of Civil Procedure "is addressed to the trial justice's sound judicial discretion and his [or her] ruling will not be disturbed on appeal absent a showing of an abuse of discretion or an error of law." See Casa DiMario, Inc. v. Richardson, 763 A.2d 607 (R.I. 2000), Iddings v. McBurney, 657 A.2d 550, 553 (R.I. 1995). Rule 60(b)(1) permits relief from the operation of a judgment due to mistake, inadvertence, surprise, or excusable neglect. See Jackson v. Medical Coaches, 734 A.2d 502 (R.I. 1999). Moreover, a mistake of law is not the kind of "mistake" that is included within the coverage of that term as it is used in Rule 60(b)(1). See id. at 507; 1 Kent, § 60.3 at 452 ("[J]udicial error of the trial judge, as contrasted with mechanical error, cannot be corrected under this rule, for it would constitute use of the rule as a substitute for an appeal or for a motion for a new trial."). Rule 60(b)(6) "vest[s] the Superior Court with broad power to vacate judgments whenever that action is appropriate to accomplish justice but that the circumstances must be extraordinary to justify relief." Bendix Corp. v. Norberg,122 R.I. 155, 404 A.2d 505, 506 (1979) (internal citations omitted).
Among its arguments, the Defendants here claim that the award of attorney's fees within the Decision precluded it from contesting Keystone's request for fees and seeking its own award on the issue. The Defendants' suggest that they were surprised by the Court's action. However, with respect to attorneys' fees and costs, Rule 54(d) of the Superior Court Rules of Civil Procedure provides, in pertinent part:
 "Costs . . . shall be allowed as of course to the prevailing party as provided by statute and by these rules unless the court otherwise specifically directs. . . . A copy of the bill of costs, specifying the items in detail, and a copy of any supporting affidavits shall be served with the notice. . . . If an objection is filed, said objection shall be heard by the court."
See DiRaimo v. City of Providence, 714 A.2d 554, 557 (R.I. 1998). By each section's own terms, neither Section 34-28-19 nor Rule 54 mandates a separate action to determine the award of fees and costs.
The present matter was heard before this Court without a jury. At the end of the trial, the parties agreed to submit memoranda in lieu of closing arguments. In its memorandum, as it had done in every previous pleading, Keystone reiterated its request for attorney's fees pursuant to or in reliance on Section 34-28-19. Further, along with a detailed bill explaining the legal services provided, time spent, and amounts charged, Keystone submitted an affidavit in support of its claim for fees with its memorandum. This Court then formally accepted the material submitted by Keystone and found it sufficient to establish the reasonableness of part of the requested fee pursuant to the factors listed in Rule 1.5 of the Supreme Court Rules of Professional Conduct.[2] See St. Jean Place Condominium v. Decelles, 656 A.2d 628 (R.I. 1995) (holding that the determination of whether an attorney's fee is reasonable requires particular facts in the form of affidavits or testimony upon which the trial court may premise a decision). Subsequently, without any objection from the Defendants and based upon legally sufficient evidence of which the Defendants had notice, this Court awarded Keystone attorney's fees, as permitted by Rule 54, within the Decision. See Peckham v. Hirschfeld,570 A.2d 663 (R.I. 1990) (holding that a defendant's failure to make trial justice aware with reasonable clarity that he objected to reasonableness of attorney's fees, which were awarded to plaintiff, resulted in waiver on appeal of issue of reasonableness of fees). Accordingly, this Court finds that the Defendants did not evidence the requisite "surprise" to warrant the vacation of the Decision based on Rule 60(b)(1).
Furthermore, this Court sees no reason to apply Rule 60(b) generally or subsections (1) or (6) specifically, as Defendants have explained neither the alleged injustice resulting from the January 17, 2002 Decision nor the extraordinary circumstances necessary to justify relief. At best, the Defendants here merely ask this Court to reconsider alleged mistakes of law concerning the interpretation of the applicable mechanic's lien statute. Such an alleged error of law cannot form the basis of a motion to vacate under Rule 60(b). See Jackson, 734 A.2d at 507. Consequently, ACC's Motion to Reconsider must be and is denied.
 Clarification This Court will clarify its previous Decision with respect to its determination of Keystone as the prevailing party. As an initial matter, both parties assumed the term "prevailing party" was a term of art. It was not. In this jurisdiction, there is no controlling case law construing the term "prevailing party" in the context of the mechanic's lien statute.[3] But see 33A Words and Phrases (Permanent ed. 1971 1999 Supp.) (citing hundreds of cases in which various courts assessed the term "prevailing" in different contexts, though mostly with respect to Federal civil rights claims). Therefore, the term "prevailing" must be given its plain and ordinary meaning. Solas v. Emergency Hiring Council of State, 774 A.2d 820 (R.I. 2001). The Oxford Dictionary and Thesaurus, as its first entry, defines "prevailing" as the adjective form of the verb "prevail," which means to "be victorious or gain mastery." American Edition, pages 1181-1182 (1996). The American Heritage Dictionary of the English Language, as its first entry, defines "prevail" as "[t]o be greater in strength or influence; triumph." Fourth Edition, page 1391 (2000).
Although the mechanic's lien statute is usually strictly construed against the petitioner, Keystone's Petition to Enforce was granted by this Court. See Frank N. Gustafson Sons, Inc. v. Walek, 599 A.2d 730, 732 (R.I. 1991). Three times, the Defendants moved to dismiss Keystone's mechanic's lien, and three times, they were denied. As Keystone's Petition to Enforce was granted for more than $34,000 on its initial claim of $45,000, Keystone was the "prevailing party" for purposes of the mechanic's lien statute.[4]
The Defendants argue that because a bond was filed in order to discharge the lien, this case "is a private contract dispute" that "was all about money." (Defendants' Memo at 3.) Therefore, the Defendants argue that an analysis pursuant to R.I. Gen. Laws § 9-1-45, which governs the award of attorney's fees in contract actions and which was specifically rejected as a basis for this Court's previous Decision, should apply. However, despite the substitution of a bond, this matter remained an action governed by the Mechanic's Lien Chapter of the Rhode Island General Laws, and Section 9-1-45 has no bearing. Most, if not all, mechanic's lien actions are based in contract. The General Assembly has chosen to enact two different attorney's fees statutes. Thus, to apply the standard provided in Section 9-1-45 would be to ignore the separate mandate of Section 34-28-19. See Narragansett Food Servs. v. Rhode Island Dep't of Labor, 420 A.2d 805, 807 (R.I. 1980) (holding that when statutes are not in pari materia, even if similar, they must be applied as independent statutes and the court must give effect to legislative intent manifested in each provision); see also, Lindia v. Nobles, 760 A.2d 1244, 1245 (R.I. 2000) ("In general, provisions of a special legislative act prevail over those of general legislation").
 Conclusion
After reviewing this Court's January 17, 2002 Decision and subsequent post-trial memoranda, the Defendants Motion to Reconsider is hereby denied. As this Court has here clarified said Decision, Keystone's supplemental request for attorney's fees is also denied.
All counsel shall submit appropriate judgments for entry both in this matter and in the January 17, 2002 Decision.
[1] Johnson Wales University, although a named defendant, does not appear separately in this action. Instead, it is jointly represented by the same counsel as the codefendant, Agostini Construction. Therefore, the term "Defendants" shall refer to actions taken in the name and on behalf of both Agostini Construction and Johnson Wales University.
[2] Specifically, this Court found in favor of Keystone for $12,383 of its total requested fee of $13,833 because nearly $1,500 of the fee request was not supported by the expert's affidavit. Thus, in exercising its discretion, this Court did not "merely" grant the moving party's fee request. See DiRaimo, 714 A.2d at 557.
[3] Several states have interpreted the term "prevailing party" within the context of their mechanic's lien statutes. However, there is neither uniformity nor a clear trend among these states. See Prosperi v. Code,626 So.2d 1360 (Fla. 1993) (rejecting the "net judgment rule" and allowing the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court), Brasington Tile Company, Inc. V. Worley, 491 S.E.2d 244 (S.C. 1997) (holding that it is entirely appropriate to consider compulsory counterclaims, offsets, and other closely related joined claims, as well as settlement offers, when making a "prevailing party" determination), Parodi v. Budetti, 984 P.2d 172 (Nev. 1999) (ruling that in cases where separate and distinct suits have been consolidated into one action, the trial court must offset all awards of monetary damages to determine which side is the prevailing party for purposes of determining an award of attorney's fees and whether or not the total net damages exceed the amount of any offer of judgment), Midwest Livestock Sys., Inc. V. Lashley, 967 P.2d 1197 (Okla. 1998) (ruling that both parties in a consolidated contract/mechanic's lien action could be labeled "prevailing party," thus allowing both sides to recover attorney's fees in excess of the net judgment); but see Murray v. First Marive Ins. Co., Nos. 00-5194 and 00-5233, 2002 U.S. App. LEXIS 330 (10th Cir. 2002) (holding that under Oklahoma law, there can be but one prevailing party in an action at law for the recovery of a money judgment; that being the party in whose favor the verdict compels a judgment).
[4] Additional testimony or argument on this issue would not assist this Court in rendering a different conclusion. This Court is not persuaded by Defendants' mathematical arguments based on the aggregate totals provided as a convenience by this Court.