DECISION ON DEFENDANTS' MOTION TO RECONSIDER OR VACATE JUDGMENT
The Defendants, Kevin and Janet Miller (Defendants or Millers), move to "reconsider" or to vacate this Court's May 7, 2002 Decision (Decision), which denied the enforcement of Plaintiff R.J.P. Corporation's (Plaintiff or R.J.P.) Petition to Enforce a Mechanic's Lien and which awarded $14,195 in favor of Plaintiff on the outstanding balance of its construction contract with the Defendants. In this motion, the Defendants argue that the Court's findings relating to the amount of the outstanding debt owed by the Defendants to the Plaintiff were outside the scope of the Plaintiff's Petition to Enforce, which was the only issue presented to the Court.
 Facts and Travel 
During the summer of 1998, the Millers hired R.J.P. to serve as the general contractor for the construction of their new house. The parties entered into a written agreement that set forth the project specifications, payment terms, and costs. The agreement also obligated R.J.P. to provide all necessary labor and materials and perform "all work of every nature whatsoever to be done in the erection" of the home.
R.J.P. supervised the construction process from 1998 through the summer of 1999. Sometimes R.J.P. performed the construction work itself, and sometimes it hired subcontractors. However, no matter who did the work, the Millers were never satisfied with the results. The Millers frequently relayed their complaints to R.J.P. In early September of 1999, after more than a year of conflict, the Millers fired R.J.P. R.J.P. attempted to collect $55,591.44 from the Millers, which amount R.J.P. claimed as the outstanding balance for the work it had performed. The Millers refused to pay.
R.J.P. instituted the instant Petition to Enforce Mechanic's Lien against the subject property in order to facilitate collection of the outstanding balance. In its prayer for relief, R.J.P.'s complaint requested "[t]hat Judgment enter against the Defendants . . . in the amount of $55,181.44, plus interest and costs, and that the Lien be enforced against the real estate . . . ." The Millers responded to the Petition by filing a Statement of Claim, which alleged that R.J.P. "failed and refused to complete the work" on the house and that the work it performed was "unsatisfactory, unworkmanlike and [done in a] negligent manner, resulting in significant damage. . . ."
Prior to commencement of the trial in the instant action, the Millers filed a separate action against R.J.P. seeking damages for breach of contract and negligence. (P.C. 2001-5669). Subsequently, the Millers moved to consolidate the two actions. However, even though the issues in both actions were likely to be the same, the Millers' motion to consolidate was denied because consolidation of the actions would lead to a delay in contravention of R.J.P.'s right to expedited process in the mechanic's lien action.
This Court held a nonjury trial over several days in November 2001.[1]
At trial, the two key disputed issues were the quality of R.J.P.'s workmanship and the employment status of Simon Mourato (Mourato), a stone mason, whose work-product formed the basis of the most expensive of the Millers' complaints. Including two experts, the Millers presented no fewer than six witnesses to support their position regarding the allegedly defective work. Additionally, the Millers offered over 70 exhibits into evidence.
In lieu of closing arguments, each side submitted a memorandum summarizing its claims. In its Post Trial Memorandum, R.J.P. concluded that "Plaintiff is entitled to $51,335.40, plus interest, costs, and reasonable attorney's fees."[2] Conversely, in their Summation Memorandum, the Millers concluded that "due to the plaintiffs [sic] breach of contract and negligence, as well as the negligence of the Mason . . . the defendants have incurred expenses in the amount of $37,145.79, plus future expenses to repair the property in the amount of approximately $240,000.00."
On May 7, 2002, this Court ruled that R.J.P. failed to comply with the Mechanic's Lien statute, denied its Petition to Enforce, and awarded the Millers costs and attorney's fees in the amount of $14,849. Additionally, this Court ruled that R.J.P. remained responsible for the employment of the stone mason, Mourato. This Court also found that R.J.P. violated the implied warranty of workmanship in a variety of ways, entitling the Millers to relief from payment in the amount of $26,546.58, and directed the Millers to pay $14,195.86 on the balance of R.J.P.'s claim. In calculating the outstanding balance owed to R.J.P., the amount for which R.J.P. requested judgment on multiple occasions, this Court specifically denied some of the Millers' more expensive assertions of deficient work[3] and limited the Millers' relief on others due to insufficient proof.[4]
Concerned about the res judicata effects of this Court's Decision on their separate pending action, the Millers now move this Court to vacate its findings of fact regarding the amount of relief that this Court granted to the Millers based on their assertions of deficient work. Particularly, the Millers claim that this Court's analysis of the Petition should have ceased following its conclusion that R.J.P. failed to comply with the statute. Although the Millers "concede that they did in fact present evidence that the plaintiff breached the terms of the contract," the Millers maintain that they were required to introduce such evidence to "challenge the value [of the materials and labor] added to the property" "in the event the Court ruled against the defendants on plaintiff's petition to enforce." (Defendants' Memo. at 2-3.) Because their Motion to Consolidate was denied, the Millers argue that they were forced to partially litigate similar, but not identical, issues in two different actions. Therefore, the Millers ask this Court to vacate the implied warranty section of its Decision in order to present additional evidence on the issue at a subsequent jury trial against R.J.P. and Mourato.
 Motions to Reconsider or Vacate
The Rhode Island Rules of Civil Procedure, like the Federal Rules of Civil Procedure, generally do not recognize or provide for a motion for reconsideration. See generally, Hatfield v. Bd. of Cty. Com'rs forConverse Cty., 52 F.3d 858 (10th Cir. 1995) (citations omitted). However, our Supreme Court, in noting its governance by the "liberal rules" of civil procedure, has "look[ed] to substance not labels." Sarniv. Melocarro, 113 R.I. 630, 636, 324 A.2d 648, 651-2 (1974). Consequently, "[a] motion can be construed as made under Rule 60(b) even if it is styled as a `Motion to Reconsider. . . .'" James Wm. Moore et. al., Moore's Federal Practice 1997 Rules Pamphlet ¶ 60.2 [9] (1996). Therefore, the Defendants' motion can be construed as a motion to vacate under Rule 60(b).
A motion for relief from a judgment under Rule 60(b) of Superior Court Rules of Civil Procedure "is addressed to the trial justice's sound judicial discretion and his [or her] ruling will not be disturbed on appeal absent a showing of an abuse of discretion or an error of law." SeeCasa DiMario, Inc. v. Richardson, 763 A.2d 607 (R.I. 2000), Iddings v.McBurney, 657 A.2d 550, 553 (R.I. 1995). Rule 60(b)(1) permits relief from the operation of a judgment due to mistake, inadvertence, surprise, or excusable neglect. See Jackson v. Medical Coaches, 734 A.2d 502 (R.I. 1999). Moreover, a mistake of law is not the kind of "mistake" that is included within the coverage of that term as it is used in Rule 60(b)(1). See id. at 507; 1 Kent, R.I. Civ. Prac. § 60.3 at 452 ("[J]udicial error of the trial judge, as contrasted with mechanical error, cannot be corrected under this rule, for it would constitute use of the rule as a substitute for an appeal or for a motion for a new trial"). Rule 60(b)(6) "vest[s] the Superior Court with broad power to vacate judgments whenever that action is appropriate to accomplish justice but that the circumstances must be extraordinary to justify relief." Bendix Corp. v. Norberg, 122 R.I. 155, 404 A.2d 505, 506 (1979) (internal citations omitted).
In the present case, the Millers title their request a "Motion to Reconsider." Within the Motion itself, however, the Millers specifically ask the Court to vacate its May 7, 2002 Decision. Therefore, this Court will treat Defendants' Motion pursuant to Rule 60(b).
 Analysis 
As a procedural matter, this Court sees no reason to apply Rule 60(b) generally or subsections (1) or (6) specifically. In their Memorandum, the Millers failed either to cite applicable case law or to present any arguments legally sufficient to satisfy their burdens under Rule 60(b). Further, the Millers have not explained the extraordinary circumstances necessary to justify relief. See Bailey v. Algonquin Gas TransmissionCo., 788 A.2d 478, 483 (R.I. 2002) (holding that Rule 60(b)(6) was not intended to constitute a "catchall"). Instead, the Millers repeatedly discussed the potential res judicata effects of this Court's Decision and the perceived resulting prejudice and unfairness. Such assertions are better placed before the trial justice scheduled to hear their subsequent action subject to a res judicata analysis, with its many intricacies and nuances, rather than submitted to this Court for Rule 60(b) scrutiny. SeeElGabri v. Lekas, 681 A.2d 271 (R.I. 1996).
Pursuant to the liberal pleading requirements provided by the Superior Court Rules of Civil Procedure, this Court read the Petition to Enforce and the other materials submitted by both parties requesting a determination of the quality of R.J.P.'s workmanship and the outstanding balance owed by the Millers. See Super. R. Civ. P. Rules 1 and 8. This Court then conducted a trial, at which time the parties presented a substantial quantity of evidence on these two issues. At best, in this motion, the Millers now ask this Court to reconsider alleged mistakes of law concerning this Court's interpretation of the pleadings and the scope of this Court's rulings on R.J.P.'s Petition.[5] However, such errors of law cannot form the basis of a motion to vacate under Rule 60(b). SeeJackson, 734 A.2d at 507. Consequently, the Millers' Motion to Reconsider must be and is denied.
As a practical matter, this Court must also deny the instant Motion for the same reason that the Millers claim they were required to provide potentially duplicative evidence relating to the value of the defective work. The present matter was tried before this Court without a jury. As such, this Court was required to make findings of fact and conclusions of law.[6] See Hood v. Hawkins, 478 A.2d 181, 184 (R.I. 1984). If R.J.P. were to appeal the May 7, 2002 Decision, on review, the Supreme Court would require such findings of fact and conclusions of law based on all of the evidence presented to this Court. See Tilcon Gammino v. CommercialAssoc., 570 A.2d 1102 (R.I. 1990). Moreover, if the Decision were subsequently reversed on the mechanic's lien issue, the findings of fact would become necessary to assess the value of the mechanic's lien against the property, just as the Millers stated in their Memorandum. Therefore, by vacating only those findings relating to the value of the work, this Court would invite the possibility of conducting another trial on the very same facts. This Court is not inclined to hear this case again.[7]
 Conclusion 
After reviewing this Court's May 7, 2002 Decision and the Millers' subsequent Memorandum, the Millers' Motion to Reconsider is hereby denied.
All counsel shall submit appropriate judgments for entry both in this matter and in the May 7, 2002 Decision.
[1] This Court also received and considered testimony in April 2002 after granting the Plaintiff's Motion to Reopen.
[2] This was R.J.P.'s conclusion in its entirety. This Court notices that R.J.P. did not mention its prayer for enforcement of the lien anywhere in its Post Trial Memorandum.
[3] For example, although this Court found that the staircase installed by R.J.P. was defective, this Court denied the Millers any relief from payment because the Millers failed to establish the amount of the damages on that item.
[4] For example, the Millers presented testimony from two expert witnesses who both opined that the defective brickwork would probably cost more than $100,000, but who admitted that the exact amount would be difficult to estimate until actual plans were submitted. Therefore, this Court limited recovery on the Millers' claimed deficiency to $10,000, the amount of an admission by one of Plaintiff's witnesses.
[5] In so doing, the Millers are essentially objecting to this Court's findings, which were substantially based on evidence and arguments that they, themselves, presented.
[6] The Millers failed to point to any place in the record where they requested that the Court limit its decision with respect to findings or conclusions.
[7] In a footnote, the Millers state:
 "Although not specifically raised herein, the defendants do not concede the Court's findings relative to cost of repair/replacement, etc., and reserve the right to address these issues in oral argument should the Court order an oral presentation on the issues raised herein." (Memo. at 4.)
Inasmuch as this can be read as a motion for another hearing in this matter, this Court does not believe that such "oral argument" would be helpful in resolving the issues raised herein. Therefore, the Millers' motion for an additional hearing in this case is denied.